JACOB DOW, appellant, *vs.* THE TOWN OF HINESBURGH and ANSON WEED, appellees.

On an application by a defendant, for a new trial, on the ground of surprise, if the defence intended to be set up, does not otherwise appear it must be shown, by affidavit, that the counsel believes, or that the party believes on the advice of counsel, that it is a good and valid one.

New trial granted, on terms, for the mistake of the plaintiff's counsel, on the trial of the issue.

AT the January term of this Court, after a trial upon the general issue, and a verdict for the plaintiff, the defendants filed the following motion:

*Chittenden, December, 1825.*

*Chittenden,*
December,
1825.

Dow
*vs.*
Hinesburgh
and Weed.

And now the defendants, after verdict, and before judgment, move this Hon. Court, that said verdict may be set aside, and a new trial granted, for the following reasons, to wit: the action was ejectment. The plaintiff, in his declaration, claimed the east half of lot No. 30, in the 2d division of land in Hinesburgh. Upon trial, he relied upon showing that he was entitled to a recovery, by virtue of a prior seizin of the land. To prove his title by possession, he called General Leavenworth as a witness. Gen. Leavenworth, as introductory to his testimony, concerning the possession, as the counsel for the defendant supposed, said, that about the time an ecclesiastical council was called, for the settlement of Mr. Parmalee, he saw a small clearing upon the lot, but who made it, or by whom it was continued, he did not know. The counsel for the plaintiff failing to prove by Gen. Leavenworth the possession, as stated, called another witness. Without showing any other title to the land, than that of possession, on the part of the plaintiff, the defendants offered a deed from the plaintiff, to Moses Dow, in order to show, that whatever claim the plaintiff had before had to the land, he had divested himself of. In order to destroy the validity of the said deed, the plaintiff offered to show, that Anson Weed was in adverse possession, as tenant of the town of Hinesburgh, by a lease, signed by the selectmen of Hinesburgh, describing the land as a part of lot No. 30, in the 2d division of the original right, granted to the first settled minister. The counsel for the defendant objected to the reading of the lease, on the ground of its not being such land as the town had a right to lease. The Court, as the counsel for the defendant supposed, allowed the lease to be read, on the ground that the lands granted to the first settled minister, were, by the statute, vested in the town, to be leased by them for the use of schools, until the settlement of a minister. The counsel for the defendants here rested their cause—they urged, that as it did not appear that any minister had been settled, the land was vested in the town—that the plaintiff could hold nothing, by possession, against the town. After the cause had been argued to the jury by the plaintiff, and by one of the counsel for the defendant, the hon. Court suggested, that the fact of the settlement of the Rev. Mr. Parmalee was made out by Gen. Leavenworth, and that therefore the statute of limitations would run after his settlement. The counsel for the defendant not having supposed that any such fact was intended to be proved by Gen. Leavenworth, and for that reason having made no objection to that part of his testimony, were taken by surprise, and the rules of practice in this honourable Court forbidding our contesting the settlement of Mr. Parmalee, at this stage of the trial, the counsel for the defendant were compelled to submit their cause with the fact, as though proved, that Mr. Parmalee was the first settled minister. The jury returned a verdict for the plaintiff; the defendants, therefore, pray that a new trial may be granted.

Chittenden, December, 1825.

Dow
vs.
Hinesburgh
and Weed.

. *Mr. Allen* now read the motion, and his own affidavit, verify-ing the facts therein set forth, in which he stated, that his cli-ents appeared to believe that they had a good defence.

*By the Court.* We cannot grant a new trial, unless it be shown to us, by your affidavit, or otherwise, that it is the advice of counsel, that the defence intended to be set up would avail you.

Skinner, Ch. J. said he had no doubt the counsel were sur-prised, by the view the court took of the testimony of General Leavenworth; but still the affidavit ought to show, at least, as much as would entitle the party to a continuance, for the ab-sence of a material witness.

Prentiss, J. It is necessary that the party show himself injur-ed by the decision complained of; and show by the affidavit of counsel, or by adducing the proof, he can disprove the fact by which he is surprized.

At a subsequent day in the term, Mr. Allen produced addi-tional affidavits, supplying the deficiency in the former one, and urged from the facts therein contained, in support of the motion, that although it was true, that Mr. Parmalee was settled in Hinesburgh, over the church there, yet there was never any society formed there agreeably to the statute—there never hav-ing been the legal number of voters associated.

*Adams, contra.* It appears by the case, that the plaintiff show-ed that one Reuben Parmalee, who was the first settled minis-ter in said town, went into possession of this lot, and that the land had been regularly conveyed from him, through successive persons, to plaintiff, and that plaintiff had been in possession until ousted by defendants; that defendants showed a deed, from plaintiff to Moses Dow, and that to destroy the force of this deed, the plaintiff showed, that at the time of giving this deed, the said Weed was in possession of said land, claiming to hold the same adverse to plaintiff, by virtue of a lease from said town, de-scribing the lot as laid to the right of the first settled minister.

In opposition to the motion for a new trial, the plaintiff con-tends,

1. That from the case, it appears he had a good possessory title to the lot.

2. This title was not destroyed by the deed to Moses Dow. The defendants being in possession at the time of the deed, claiming adverse, the deed was void.—*Stat.* 171.

3. There was no evidence before the Court, that this lot had been drawn or set to the ministerial right. It is true the plain-tiff showed the defendants were in possession of the lot, claim-ing and describing it as the ministerial lot; but their claiming it as such did not establish the fact, and the lease was offered for the purpose of showing defendants' adverse possession. But if it had been shown that this was the ministerial lot, it would not have availed the defendant, as it was shown that Mr. Parmalee was the first settled minister in said town.

Chittenden,
December,
1825.

Dow
vs.
Hinesburgh
and Weed.

From a consideration of these facts, the plaintiff trusts the Court will not send the cause down to a new trial, upon the easy pretence, that the counsel were surprised by the settlement of Mr. Parmalee. It is not easy to perceive how this could be very material, upon their own statement, for they offered no testimony to show the lot was set to the ministerial right, and it would truly be a ground of surprise, if they were to infer this fact from the lease given by one defendant to the other.

The opinion of the Court was delivered by

HUTCHINSON, J. The defendants, after a verdict for the plaintiff, move for a new trial, on the ground of surprise.—— They state in their motion, the circumstances of the surprise, supported by the affidavit of counsel, as is understood, though the affidavit is not delivered to the Court. By this it appears, that the defendants' counsel understood General Leavenworth, in his testimony, to allude to the settlement of the Rev. Mr. Parmalee, as fixing a date to certain improvements on the land in dispute, and for no other purpose, and neglected to offer testimony in their possession, to show that he never was settled as a minister in said town, and rested the cause with safety, as they thought. As plaintiff had shown no title, but possession only, and as the statute of limitations would not affect this lot, while it remained a publick lot; and, when it was too late to offer testimony, they discovered that the Court treated Leavenworth's testimony as evidence of a settlement, vesting the land in him, after which the statute of limitations would attach, and, with fifteen years adverse possession, make a title.

It appears evident to the Court, that the merits of the case have not been tried at all. The defendants might well expect, that the plaintiff would produce some different testimony, if he would contend that the minister was so settled as to vest a title in him; especially, as they understood this testimony to be incidental, merely fixing the date of a possession. The defendants ought, on reasonable terms, to have an opportunity to exhibit, on trial, what they consider to be the real merits of their case. A new trial is therefore granted, on the defendants paying to the plaintiff the taxable cost of the term in which the jury trial was had.

*Wm. A. Griswold* and *Chs. Adams*, attornies for the plaintiff.

*John M. Eldridge*, *H. Allen* and *J. C. Thompson*, attornies for the defendants.