## LODOWIC STANTON *vs.* CRANMER BANNISTER.

That the levy of an execution is void, if the plaintiff and a justice of the peace appoint all the appraisers, without any notice by the officer to the debtor to appoint.

If such levy is read to the jury without objection, still, invalidity may be urged in argument, and the court may be requested to instruct the jury upon the subject.

But, when the whole cause is submitted to the jury, it is too late to raise such question anew.

After all this, the levy being void, the court, on motion and affidavits, will grant a new trial on such terms as make plaintiff good as to costs.

This was an action of *ejectment* for lands in *Pownal*. It was originally brought against *Bannister* and one *Joseph Miers.*— *Miers* filed a disclaimer, on which an issue was joined, and having had two verdicts in his favor, he was left out of the action. On the last trial between *Stanton* and *Bannister*, the former recovered, and exceptions were allowed, on which the cause was brought up to the Supreme Court.

The plaintiff claimed title by virtue of the levy of an execution in his favor against *Bannister*. The title of *Bannister* was in right of his wife, being a portion set off to her before marriage of the estate of *Ephraim Mann* deceased. The record of the plaintiff's judgement, execution and levy, were read to the jury without objection. The plaintiff then offered a transcript of the record of the court of probate, showing a division of the real estate of said *Mann*, among his heirs, made by a committee, and assigning the premises in question to *Tryphosa Mann*, now the wife of said *Bannister*; accompanied with a writing, not under seal, but signed by all the heirs, agreeing to the said division.— This was objected to, but admitted.

The plaintiff then produced and read the record of the marriage of *Bannister* and said *Tryphosa*.

The plaintiff also adduced testimony to prove *Bannister* in possession of the premises, at the time of the commencement of this action.

The defendant then read to the jury a deed of said premises from *Bannister* to one *Comfort Mann*.

The plaintiff then read to the jury a deed from said *Comfort Mann* to one *Nathan Jewett*, and a deed from said *Jewett* to *Comfort Mann*, and a deed from *Comfort Mann* to said *Joseph Miers*, all conveying the same premises. The plaintiff also introduced testimony tending to show said deeds to be fraudulent and void.

The exceptions showed a request of defendant's counsel for the court to charge in defendant's favor upon several points relating to the defects in the levy, and defects in the division, shown, among the heirs of *Ephraim Mann*. The court did not so charge as requested by the defendant's counsel; but did instruct the jury, that, if they found from the evidence the above deeds to be fraudulent, the plaintiff would be entitled to recover ; and further, that, as the record of said levy was admitted and read to the jury, without objection, it was to be received as testimony. Upon a detailed statement of facts, of which the foregoing is a summary, the cause was argued before the Supreme Court.

*Argument for the defendant.*—I. It is contended by the defendant, that the division read in evidence to the jury ought to have been excluded. Before the division became proper evidence it should have been shown, 1. That a division of the estate of *Ephraim Mann*, deceased, had been ordered by the probate court. 2. That the committee were legally appointed by the court of probate. 3. That a legal warrant issued to said com-

BENNINGTON,
February,
1830.

Stanton
vs.
Bannister.

mittee.    4. That said committee were sworn.    5. That their return was recorded in the town clerk's office in *Pownal.—Stat.* 1797, *sec.* 41, *p.* 135.—1 *D. Chip.* 357, *ex parte Robinson et al.*

The agreement of the heirs of *Ephraim Mann* to the division does not make it legal and valid ; because 1. Said agreement was not under seal.    2. It was not duly acknowledged by the parties. 3. It was not recorded in the town clerk's office in *Pownal.—Prob. stat.* 1797, *sec.* 41.—*Swift's Ev.* 5.

The court of probate is of limited jurisdiction.    It derives its powers from the statute, and must strictly conform to the statute. —*Clapp* vs. *Beardsley*, 1 *Aik. Rep.* 168.—17 *Mass. Rep.* 91.

II. The levy of the execution, shown in evidence by the plaintiff,is void.—*Eddy* vs. *Knapp,* 2 *Mass. Rep.* 154.—*Tate et al.* vs. *Anderson,* 9 *Id.* 92.—*Whitman* vs.*Tyler,*8 *Id.* 284.-*Williams* vs. *Amory,* 14 *Id.* 20.—*Mc Lellan* vs. *Whitney,* 15 *Id.* 137.— *Paine* vs. *Webster et al,* 1 *Vt. Rep.* 129.—*Fox* vs. *Hills,* 1 *Con. Rep.* 295.—It appears by the levy shown in evidence, 1. That the plaintiff chose one of the appraisers, and the plaintiff's attorney called on a justice of the peace, and said justice chose two other appraisers.    2. It does not appear by the levy, that said justice could by law judge between the parties in civil actions.— *Stat. p.* 210.—3. It does not appear by the levy that either party neglected or refused to choose appraisers.    The court ought to have charged the jury that the levy was void.—*Arms* vs. *Burt,* 1 *Vt. Rep.* 313.—*Fox* vs. *Hills,* 1 *Con. Rep.* 295.—*Hinman* vs. *Leavenworth,* 2 *Con. Rep.* 244.

III.    It was the duty of the court to charge the jury as to the legal effect of the evidence given on the trial, tending to show the interest which *Cranmer Bannister* had in the premises claimed by the plaintiff.—*Fletcher* vs. *Howard,* 2 *Aikens' Rep.* 117.— *Washburn* vs. *Tracy,* 2 *Chip.* 136.    The plaintiff declared for a life estate,but it does not appear,that the requisites of a tenancy by the curtesy, or any other life estate, was shown in testimony to the jury.—2 *Bla. Com.* 120, 127.—*Probate Act,* 1797, *sec.* 61. *Bannister,* by the marriage, acquired only a *usufruct* of the wife's estate.—*Reeve's Dom. R.* 32.—1 *Swift's Dig.* 26.    The levy of the execution is void, as the appraisers considered the interest of *Bannister* in the premises greater than it was in fact.—*Paine* vs. *Webster et al.* 1 *Vt. Rep.* 133.    If the plaintiff shewed any estate in the wife of *C. Bannister,* it was an estate in common with her brothers and sisters.—*Starr* vs. *Leavitt,* 2 *Con. Rep.* 243.—*do.* 244, *Hinman* vs. *Leavenworth.*    The levy was, there-

fore, void, being by metes and bounds, and not of an undivided part.—*Porter* vs. *Hill*, 9 *Mass. Rep.* 34.

*Argument for the plaintiff.*--The principal question, in this case, arises on the admission of the record of the commissioners, setting off to *Tryphosa Mann* the real estate, for which this action is brought. It is admitted by the case, that the premises in question were a part of the estate of *Ephraim Mann*, deceased. The record was offered to shew, that *Tryphosa Mann*, before her marriage, held the premises in severalty, and not as a tenant in common; for her interest was a tenancy in common with the other heirs,until the division. If the record tend to establish the fact, it was properly admitted, and it is believed that the fact is established by the record in three different methods, each of which is sufficient to sustain the verdict.

1. The record shews a substantial compliance with the statute of 1797, *(page* 135.*)* The existence of the warrant, that the committee were sworn, made a division of the estate, and duly made return of their proceedings under their signatures, and that the same was allowed and recorded by the probate court, are sufficiently made to appear.

2. The agreement signed by the heirs is sufficient to establish the right in severalty of *Tryphosa Mann.* It is conclusive among the heirs, and will dispense with the introduction of other testimony : although not sealed, a court of equity will carry it into effect.---2 *Swift's Dig.* 93.

3. The division and agreement will give her a right in severalty upon common law principles, independent of the statute. If the heirs held as tenants in common before the division, their interest as such tenants was susceptible of a legal division by parol. The case states the division to have been made in the year 1811, and that the defendant was in possession of the premises divided and set off to them, at the time of the commencement of this suit. This division and possession will give her an absolute title in severalty: But, whatever may be the rule that would be adopted if the question arose among the heirs, upon an application by them for another division of the estate, still, as it appears, that the heirs acquiesce in the division, this objection cannot be urged by one of them, in a suit brought by their creditor to recover their interest in the premises. Again, if that division did not create an interest in severalty, and if they still are to be considered as tenants in common, the verdict will be sustained ; for the levy will certainly hold what interest the defendant had in the premises, and the verdict will be amended accordingly, without granting a new trial.

BENNINGTON,—1 *Ver. Rep.* 133,*Paine* vs.*Webster et al.*—14 *Mass. Rep.*404,
*February,*
1830.    *Aikins* vs. *Bean et al.*—2 *Aikens' Rep.* 144, *Warren* vs. *Hen-*

Stanton      *shaw, adr.*—1 *Con. Rep.* 470, *Hitchcock* vs. *Hotchkiss.*
*vs*
Bannister.

The next and only question presented in the case, arises upon a
charge as given by the court to the jury.  It is here to be observed
that the record of the judgment, execution and levy, are
not made a part of the case ; and the Court cannot decide upon
any fact, but what appears in the exceptions.   Nothing appears
in the case impeaching the levy, and unless the party making the
exceptions sees that the facts are all stated that are necessary,
the verdict will be affirmed.—2 *Aikens' Rep.* 27,*Stearns* vs. *War-
ren.*  But, if the levy was a part of the case, as it was read to the
jury by agreement and consent, the charge of the court was cor-
rect, " that it was to be received by them as testimony."   The
court was  not called upon by the counsel to decide upon a ques-
tion of law, but to charge the jury, that such facts did, or did not,
appear in the levy.   Again, the objections made were such as the
jury could not take into consideration, but  should have been ur-
ged to the court against reading the execution and levy to the ju-
ry.   Those objections having been waived by agreement, and the
testimony read, it is a waiver of all objections that can be  urged
against the verdict.   The levy contains a  substantial compliance
with the statute, sufficient, at least, as against  the defendant.—
1 *Ver. Rep.* 101, *Paine* vs. *Webster, et. als.*

After the arguments were through,the court suggested, that they
could decide nothing about the levy, as it was  not in the case, nor
in any way laid before the court : nor about the time when the  court
were requested to instruct the jury with regard to the levy.  In con-
sequence of these suggestions the parties procured the judges of the
county court, who were present, to attach to said bill of exceptions,
the following addition, as an amendment, or correction, to wit :
" The record of the levy to be a part of the case.   There was
no question made, as to the validity of the levy, in the  argument
of the cause to the jury ; nor were the court requested, by the
counsel for the defendant, to charge as to the levy,  till after the
judge had charged, and submitted the cause to  the jury.   And,
for that reason, the court neglected to charge upon that point."

Afterwards, during the term, the following opinion of the Court
was delivered by
HUTCHINSON, J.—The Court consider the copies of the probate
record of the division of *E. Mann's* estate, offered by the  plaint-
iff and objected to by the defendant, to have been correctly admit-

Bennington,
*February,*
1830..

Stanton
*vs.*
Bannister.

ted. They were sufficient for the purpose for which they were offered. Had it been a recent transaction, and depended wholly upon the report of the committee accepted by the probate court, it would have been deficient, without something to show the previous steps, as contended by the defendant's counsel. In like manner, the written agreement of the heirs, without seal, and without recording in the town clerk's office, would have been deficient of itself to show a division, as against any person, who had a right to contest the division. But this agreement, such as it was, was completed in the year 1811. It was attached to the division reported by the committee ; refers to and confirms it, as a division of said real estate among the heirs, and was recorded with it in the probate office. This is good and operative as a confirmation of that division in fact, made in the probate office. This agreement was probably substituted for the very matters, the absence of which is now urged as defects in the division ; and it must be considered as a waiver of those defects now urged, and which might then have been supplied, if not thus waived.

But the plaintiff was under no necessity even for this. He claims the right of *Bannister*, and, if his levy is good and sufficient throughout, he has acquired all the title of *Bannister* : whether that would be a good title, or not, as against the other heirs, is no interest to *Bannister*. It forms a good title against him ; and that is sufficient for the plaintiff.

This brings us to the question of the levy ; and the case, as now amended, presents that question.

On inspection of the officer's return of the levy, it appears, that the plaintiff chose one of the appraisers, and the plaintiff's attorney applied to a justice of the peace, who appointed the other two appraisers. It does not appear that *Bannister*, the debtor in the execution, had any notice to appoint any appraiser, or to join, in agreeing upon appraisers, nor, that he neglected or refused to appoint appraisers. Indeed, he could not be said to neglect, till thus notified or called upon for that purpose. This is so essential a provision of the statute, so essential to the rights of the execution debtor, that it must not be dispensed with. By reason of this defect, the execution and levy give no title to the plaintiff. If the plaintiff would perfect any title to the premises under his judgement, he needs to sue out a *scire facias*, in order to obtain another execution, and proceed regularly in the levy of the same.

There remains yet another question to be decided. Is this objection to the levy waived by not being taken in season ? The defendant might have objected to the reading of this copy of the record of the levy to the jury, and then raised the question of its

BENNINGTON,
February,
1830.

Stanton
vs.
Bannister.

validity.    But, the objection not being to the authentication of the record, but to its want of intrinsic validity, the objection is not waived by letting it pass to the jury.   The same question might be raised on argument to the court, upon the subject of what ought to be the charge to the jury.

It would seem, by the original bill of exceptions, that the defendant's counsel, at some period, requested the county court to instruct the jury that the levy was void, unless the record showed a compliance with the statute.   The original case closes, without showing that the court gave any such instructions upon this point, as the defendant might legally claim, if he asserted his claim in due season.   The amendment of the case assigns a reason for this, to wit : that the request was not made by the defendant's counsel, till after the court had submitted the cause to the jury. This was not in due season to suggest an entire new question, on which the whole cause might turn ; and it was not error in the court, to leave the question as they did, at that stage of the trial. It would not be justice to the plaintiff, for this court to treat that as error, and reverse the judgement; and thereby subject the plaintiff to the loss and payment of costs, during a period of controversy, that might have been prevented by raising this objection during the argument, and before the cause was submitted to the jury.

We are unwilling to have the cause come to a crisis, without a decision upon its real merits; and as there appears to have been some mistake or oversight, on the trial, and the counsel are not now agreed as to the facts that transpired at the trial, with regard to this levy, we are disposed to let the cause rest for the present, with leave to the defendant to file a motion before this court for a new trial, on the ground of the surprise, of which he seems disposed to complain.   If such a motion is filed, there may be affidavits on both sides, and, possibly, a new trial may be granted on such terms, as will do ample justice with regard to back costs, and not let the whole merits of the defence be sacrificed, through any mistake of counsel, or any misrecollection of the exact order of time, in which the several objections were urged.

Upon this suggestion from the court, the defendant filed his motion for a new trial ; and both parties filed affidavits relative to the question ; and, upon a hearing, a new trial was granted, on terms, that the defendant take no cost for this term, nor for the last term in the county court, should he finally recover.

*U. M. Robinson* and *D. Robinson, jr.* for defendant.
*Pierpoint Isham*, for the plaintiff.