Beckwith *v.* Middlesex.

JOHN H. BECKWITH *v.* TOWN OF MIDDLESEX.

The supreme court have no power, under section six of chapter thirty three of the Revised Statutes, to grant a new trial in a case where the cause alleged is, that the petitioner, by reason of accident, failed to enter bail for a review in the county court.

And the court will not, in such case, exercise their general power of granting new trials, where it does not appear, that injustice has been done upon the trial, and that the result would be changed, if another trial were had.

PETITION for a new trial, for the alleged cause, that the petitioner, by accident, failed to enter bail for a review of the case in the county court, within the required time.

————— for petitioner.

*C. W. Prentiss* and *O. H. Smith* for defendants.

BY THE COURT. The relief sought is asked mainly upon the ground, that the case comes within the equity of section six of chapter thirty three of the Revised Statutes, which gives the supreme court power to allow an appeal from the probate court, or from the decision of commissioners, when the petitioner has been prevented from entering the appeal by fraud, accident, or mistake. But we think, clearly, it will not do to give to this statute such an extension beyond its natural scope. It was intended to provide for a particular class of cases, and cannot, with propriety, be extended to any other distinct class of cases. Here the court is different, and the case is different. If this remedy can be afforded, it must be by virtue of the general power of the court, in regard to granting new trials.

This court has doubtless all the power, which resides in any court, to grant new trials in cases *tried* in the county court, unless application is made at the same term of the trial. And we have no doubt, that it extends beyond the case of new discovered evidence and mistake in law. It extends to the general power of granting new trials, according to the usages of law; a case, where the party has been surprised by evidence at the trial, which he can now rebut,

75

and some others, besides those enumerated, will doubtless come within its power. But it is very questionable, whether a case like the present has ever been considered as coming within the power of granting new trials. This is nothing, which occurred at the trial.

If a new trial is to be granted, it should be upon the ground, that the former trial was not a full and fair one,—either, that all the testimony was not had, or, that false testimony was presented, or testimony in a false light, so that injustice has been done. If the petitioner had alleged and proved, that injustice was done upon the former trial, and that he intended to have entered a review, but was prevented by fraud, mere accident, or mistake, and that all this had happened without his fault, either at the trial, or in not entering the review, we think the court might grant a new trial. But the court do not think that this can be done for the mere purpose of giving the petitioner an opportunity to try the case again, when, to say the least, it does not appear, that the same result would not follow.

The main basis of a new trial is, and always should be, that the result of the former trial was against good conscience, as well as the law, and that another trial, to a moral certainty, will change the result. Neither of these points are alleged, or attempted to be proved.

Petition dismissed, with cost.