## The State v. Lewis Williams.

### *Evidence. New trial. Surprise.*

Upon a trial for forgery, testimony that the respondent had offered and used, in support of the instrument alleged to be forged, a false and fictitious deposition which was [obtained by his personating the apparent deponent, is admissible as tending to show his guilt.

The weight of such evidence considered.

New trial granted on the ground that the respondent had omitted to procure rebutting testimony under the advice of counsel that such testimony as was admitted, on the part of the state, would not be received; and that its admission was a surprise both upon the respondent and his counsel.

INDICTMENT FOR FORGERY. The instruments alleged to be forged were two receipts purporting to be signed by Philinda French, one for thirty-five dollars "to apply on note" and the other for five dollars "in full payment on note dated some time in the month of April, 1849, given for the sum of thirty-nine dollars." Upon the trial of the respondent at the March Term, 1854,— POLAND, J., presiding,—it was proved that the receipts described in the indictment were used upon the trial of a suit brought

for the collection of the note referred to. Direct evidence was introduced tending to prove that said receipts were false and forged, and also, for the purpose of showing that said receipts were false and forged, the government offered in evidence a deposition purporting to have been made by one John T. Richardson, together with evidence tending to show that there was no such man as John T. Richardson, but that the respondent, on the 3d day of July, A. D. 1852, appeared before one James Dinsmoor, Esq., a justice of the peace, at Lowell, in the county of Middlesex and state of Massachusetts, in the assumed name of John T. Richardson, and made and signed and swore to said deposition ; and that said deposition was used on the trial of an action on the note. To the admission of this evidence the respondent objected, but the county court overruled the objection and admitted the evidence; to which decision the respondent excepted. Evidence was also given on the part of the state tending to show that the statements contained in said desposition were false.

The purport of the deposition was that the deponent was present at the time the five dollar receipt was given, &c.

The respondent also petitioned for a new trial, representing that he had no knowledge or belief that any attempt would be made, on the part of the government, to show that the deposition of one John T. Richardson was made and signed by the petitioner in the name of said Richardson, until the evening before the said trial was to be had, when he learned that James Dinsmoor was in attendance for that purpose, but that he was confident that said Dinsmoor would not testify to any such fact; that the petitioner was advised by his counsel, and verily believed that said deposition and the testimony of said Dinsmoor would not be admissible in evidence to prove the fact that said receipts were false and forged ; that the witnesses by whom he could prove that he was not in Lowell, at the time said deposition was taken, were all absent except James S. Moore; that he never did make, sign or swear to the said deposition; that he was not in Lowell at the time said deposition was given; that he verily believed that said deposition was genuine ; that he relied upon the advice of his counsel, and was greatly surprised by the testimony of said James Dinsmoor ; that in case a new trial should be granted him, he could prove by

the testimony of Hill Hyde, James S. Moore, Jasper F. Clayton, Joseph Morrill and William Robbins that he was not in Lowell at the time said deposition was given.

The testimony of the witnesses named in the petition was to the effect that the respondent and petitioner was in Strafford, in this state, at the time the deposition of said Richardson was given in Lowell, Mass.

*O. H. Smith* for the respondent and petitioner.

*F. F. Merrill,* state's attorney, for the prosecution.

By the court, REDFIELD, CH. J. The only ground upon which the testimony, as to the fabricated deposition, could have been received on the trial upon the indictment for forgery, was, that it was equivalent to an admission of the falsity of the receipts. It is so regarded even in trials for murder. The introduction of false or fabricated evidence in defense is always regarded as an inferential admission of guilt, although not of a conclusive character. A case is named in the books where one was indicted for the murder of a girl nine years of age, and, to make out his defense, did attempt to substitute another girl of similar appearance, and, on the detection of this fraud, was, by its force, convicted and executed, when it subsequently turned out that the supposed murdered girl was still living. And such testimony must always be liable to more or less uncertainty in its intrinsic weight. But it seems to be admissible as a circumstance tending to show the guilt of the accused. But like other evidence, of the admissions, and the conduct of the prisoner, in regard to the main charge, their force depends so much upon the temperament, education and habits of life and business of the accused, that no very great reliance is to be placed upon this kind of evidence, as it has no direct tendency to establish the main charge. And if the evidence, in regard to the alleged falsehood or fabrication, be doubtful, it is entitled to no weight. To be entitled to any force, as it is only circumstantial, and collateral to the main issue, its truth should be established beyond all question or cavil.

And upon the petition for a new trial, it seems this consideration is entitled to some weight. The testimony given at the trial, in regard to this alleged fraud was not altogether conclusive. There

must, no doubt, be much ground for Mr. Dinsmoor to have been mistaken in regard to the identity of the person, and the whole depended upon this at the trial. And with the evidence now shown it would have been still more doubtful, so much so, we think, as to entitle the respondent to a charge that the circumstance was itself of very little or no weight in establishing the main issue of the respondent's guilt in regard to the forgery.

We have had some hesitation upon the petition for a new trial. At first I was disposed to deny it. But the first impression of my brethren being in favor of its allowance, I have, upon reflection, concluded it is safer to grant it.

The question of the admissibility of the evidence on this point was so doubtful that we consider there is nothing strange in the fact that the respondent's counsel advised him it would not be received. And, therefore, we must conclude it was a surprise upon them and him that it was admitted. Mr. Dinsmoor's position, might induce him to speak with too much assurance in regard to the indentity of Williams and Richardson, and it is possible this circumstance was presented to the jury in a stronger light than it was fairly entitled to.

And the consideration that, if this were a civil case, the party would have been entitled to a review, as a matter of right; and that to entitle him to a new trial, in a criminal case, the respondent is only bound to make a clear case of doubt, which entitles him to an acquittal; and that raising a fair doubt as to this part of the evidence, may be decisive of the case, inasmuch as the proof upon the *corpus delicti* seems to be rather circumstantial and somewhat contradictory, and a jury would be liable to be very improperly influenced by an alleged fraud of this kind; and, giving the respondent the benefit of every doubt and to save all question, we conclude to open the case.

New trial granted.