## TOWN OF WALDEN v. CLARK.

*New Trial. Issuing of Execution. Damages.*

On judgment by consent and reference for the assessment of damages, the referee reported in the alternative so as to raise a legal question as to the amount of damages recoverable. On coming in of the report the clerk issued execution for the larger sum. *Held*, that the execution was irregularly issued, and that the defendant, being thereby deprived of his legal right to contest the acceptance of the report, was entitled, on petition for a new trial, to a re-assessment of damages.

In an action by the husband for loss of service, &c., of the wife by reason of an injury on a highway, no recovery can be had for money expended that belonged to the wife.

PETITION for a new trial, Caledonia County. The defendant and his wife brought suit against the town for injuries to the wife on a highway, and recovered $2,500 damages. The defendant brought suit in his own name for the loss of service, &c., of his wife by reason of said injury, wherein judgment was rendered for him by consent, and the cause referred for the assessment of damages. The referee allowed, among other things, an item of $81.25, concerning which he reported as follows: "Plaintiff presented an account of the cash paid out in the care and cure of his wife. Of this sum I allow $81.25. The money that was paid was handed to the plaintiff by his wife, and by him expended for the care, nursing, and medical attendance of his wife. Plaintiff is nearly eighty-one years old, poor, and works a little at shoemaking. Whatever money he earns is paid to his wife, who carries the purse. This money was paid out by the direction of the wife, and was the wife's money as above stated. If this item is a proper charge for the plaintiff to make, I allow the same at $81.25." The petition was for a new trial in the last-mentioned case. All the other material facts are stated in the opinion.

*Belden & Ide*, for the petitioner.

*J. P. Lamson*, for the petitionee.

The opinion of the court was delivered by

ROYCE, J. This is a petition for a new trial. The petition alleges that at the December Term of Caledonia County Court, 1875, a judgment by consent was rendered by said court in a suit pending in said court in favor of petitionee and against the petitioner, and that the same was ordered by said court to be referred to Elisha May, Esq., for an assessment of damages; that said May, on the 14th day of March, 1876, filed a report of his assessment in the clerk's office of said Caledonia County, wherein he awarded to the petitionee the sum of one thousand seven hundred and forty-two dollars damages for the loss of the service and society of Mary A. Clark, his wife, and eighty-one dollars and twenty-five cents for money paid out in the caring for and curing the said Mary A.; and that on the same day the clerk issued an execution in favor of the petitionee against the petitioner for the sum of $2,099.52, which included said sum of $81.25. The above allegations are admitted, and it is not claimed that any opportunity was accorded to the petitioner for a hearing upon the question of the acceptance of the report of said May by the clerk, or that there was any action of the court in reference to it.

The duties of the referee were not merely clerical or ministerial, but were to a certain extent judicial. The report made by him was in the alternative, and presented a question of law that the petitioner had the right to have judicially determined, before a judgment could be rendered against it upon which execution could issue. If a clerk of the court can legally issue an execution upon the filing of such a report, the party against whom the report is made and execution issued is concluded by his action, and is deprived of all opportunity to be heard upon questions which appear upon the report. The court in such cases should not, by the action of the clerk in issuing execution, be deprived of its control over the subject-matter, until the parties have full opportunity to be heard, and to avail themselves of the benefit of all legal questions that are presented by the report. Hence we hold that the issuing of the execution by the clerk was irregular; and that the petitioner having been by this action of the clerk deprived of its legal right to contest the acceptance of the report,

furnishes ample reason for holding that it is entitled to have the damages re-assessed. We do not consider that our decision in this case should be controlled by the strict rules of law that are ordinarily applied in petitions for new trials, and hence we are not called upon to decide whether the conclusions of the referee were justified by the evidence or not. But in relation to the item of $81.25, which was included in the execution, it is clear, upon the facts found by the referee and the evidence and concessions of the parties, that it was not recoverable in this action. The damages of this character which are recoverable, are to compensate the party for money actually expended, and the money which constitutes that item was the property of his wife ; so that there had been no expenditure by him for which he was entitled to compensation.

And in relation to the other damages, as assessed by the referee, it is sufficient to remark, that in view of the amount of the judgment, as shown by the evidence, obtained in the suit of the petitionee and his wife against the petitioner, and the facts and evidence submitted to us, they seem to be largely in excess of the amount which the petitionee was legally or equitably entitled to recover.

The judgment is that a new trial is granted to the petitioner upon the assessment of damages.