FRED D. TAYLOR *v.* JOSEPH ST. CLAIR.

January Term, 1907.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed February 16, 1907.

*Assumpsit—Improper Argument—Withdrawal and Instruction to Disregard—Effect—Charge—New Trial—Surprise—Newly Discovered Evidence.*

In assumpsit for cash paid for dinners that defendant did not dispute his obligation to furnish, but defended only on the ground that plaintiff had procured his dinners at places other than the

restaurant where defendant had arranged to furnish them, and the evidence tended to show that said arrangement was intended for plaintiff's convenience, and not as a limitation upon his right to procure his dinners elsewhere, it was not error for the court to omit to instruct the jury that plaintiff had no right to get his dinners without authority from defendant.

A certain statement made in argument under exception having been immediately withdrawn, and the jury thereupon instructed to disregard it, the error, if any, was thereby cured.

A new trial should not be granted on the ground of surprise, except in a strong case, where the petitioner neglected seasonably to move for a continuance.

The newly discovered evidence revealed by the affidavits attached to a petition for a new trial examined and *held* not likely to produce a different result on another trial.

GENERAL ASSUMPSIT. Pleas, the general issue and declaration in offset. Trial by jury at the June Term, 1905, Windsor County, *Haselton,* J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The only exception taken to the argument of plaintiff's counsel, and what transpired in connection therewith is shown by the following from the bill of exceptions.

"There was evidence tending to show that the plaintiff kept a diary during some of the time that he worked for the defendant. In his closing argument Mr. Enright said:— 'When I was a boy and worked on a farm I never kept a diary.'

Mr. Davis: We desire an exception to that.

Mr. Enright: I will withdraw it.

The Court: The jury will disregard anything said about that."

The defendant, under V. S. 1662, also brought a petition for a new trial on the ground of surprise and newly discovered evidence, to the Supreme Court for Windsor County

at its January term, 1907.   This petition was heard with the defendant's exceptions.

*Davis & Davis* for the defendant.

Improper argument of counsel is ground of reversal. *Daggett* v. *Champlain Mfg. Co.*, 71 Vt. 372; *Ronchau* v. *Rutland Railroad Co.*, 71 Vt. 148; *Cutler & Martin* v. *Skeels*, 69 Vt. 154; *Lamoille Co. Nat. Bank* v. *Hunt*, 71 Vt. 251; *Rea* v. *Harrington*, 58 Vt. 181; *Magoon* v. *B. & M. R. R. Co.*, 67 Vt. 199; *State* v. *Hannett*, 54 Vt. 83; *State* v. *Fitzgerald*, 68 Vt. 125.

*J. C. Enright,* and *E. R. Buck* for the plaintiff.

There was a conflict of evidence as to what the arrangement in regard to the lunches in fact was.   The jury must have found that the plaintiff had authority to buy his lunch and charge it to defendant.   All that defendant was entitled to was a charge correctly and fully stating the law applicable to the facts of the case as they appeared in evidence.   *State* v. *McDonnell*, 32 Vt. 491; *Whitcomb* v. *Fairlee*, 43 Vt. 675; *Clark* v. *Boardman*, 42 Vt. 667; *Wetherby* v. *Foster*, 5 Vt. 136.

It is well settled that no exception lies where the improper remarks of counsel are withdrawn and the jury instructed to disregard them.   *Lockwood* v. *Fletcher*, 74 Vt. 72; *Machine Co.* v. *Holden*, 73 Vt. 396.

If surprised by plaintiff's evidence, defendant should have asked for a continuance, and having neglected to do so, must abide the result.   *Reynolds* v. *Harram*, 56 Vt. 449; *Westmore* v. *Sheffield*, 56 Vt. 239; *Noyes* v. *Spaulding*, 27 Vt. 420; *Briggs* v. *Gleason*, 27 Vt. 116; *Badger* v. *State*, 69 Vt. 217;

*State* v. *Manning,* 75 Vt. 190; *Dunn* v. *Halbut,* 52 Vt. 353; *Thayer* v. *Central Vt. R. R. Co.,* 60 Vt. 214; *Jones* v. *Sennott,* 57 Vt. 355; *Dodge* v. *Kendall,* 4 Vt. 31; *Burr* v. *Palmer,* 23 Vt. 244; *Haskins* v. *Smith,* 17 Vt. 263.

Munson, J.   The plaintiff's work included daily trips from Weathersfield to Windsor, and required him to be in Windsor at the noon hour.   He claimed to recover an item of cash paid for lunches at three different places.   Defendant excepted to the court's omission to charge that the plaintiff had no right to get lunches without authority from him.   The evidence is referred to upon this question.   Defendant testified that he told a restaurant keeper to let his men have their dinners and he would pay for them and that he informed his men of this, and never told them to go anywhere else.   This could prevent a recovery only on the ground that the plaintiff was restricted to purchases at a particular place and on defendant's account; for it is clear that the defendant did not deny his obligation to furnish the plaintiff's dinners.   But defendant testified further that the other driver got his dinners where he pleased, and that he had paid him the amount expended.   This indicated that the arrangement made for the men was intended as a provision for their convenience, and not as a limitation upon their right.   There was nothing tending to show that plaintiff's purchases were unreasonable, and if there was no restriction as to the place or manner of purchase, the defendant's liability was unquestioned.   The instruction claimed was not adapted to the case presented by the evidence, and the failure to give it was not error.

If the matter stated in argument under exception was improper, the error was cured at the time.

*Judgment affirmed.*

Defendant seeks a new trial on the ground of surprise and newly discovered evidence. The specification was for work done in 1902-3. Plaintiff claimed that he also worked for defendant in the fall of 1901, that certain debits in defendant's book properly referred to that time, and that the date had been changed to make them apply to the fall of 1902. This claim was disclosed by inquiries made of the defendant when called to the stand by the plaintiff at the opening of the trial. It was fully presented in the testimony of the plaintiff, who was the next witness. Defendant proceeded with the trial without moving for a continuance. A strong case must be shown to secure a new trial in these circumstances. *Briggs* v. *Gleason, 27* Vt. 114.

It was the duty of the defendant to be diligent in the use of such opportunities as the progress of the trial afforded. The usual recess from Saturday noon to Monday noon occurred before the defence was closed. It is apparent from the evidence previously taken that defendant then had in mind, as facts material upon the question of time, the building of a barn on his brother's farm in 1901, and the frequent exchanges of work between the two farms that season. This must have directed his attention to his brother and his brother's wife, and to the carpenter who built the barn, as persons who would be likely to know whether the plaintiff worked for him during that fall. His duty in the opportunity presented, as regards these affiants, is to be measured by the fact that a search for the required evidence would not be one of random inquiry. *Jones* v. *Sennott, 57* Vt. 355. The distance from the county seat to the section where the defendant and these witnesses lived was by no means an insuperable obstacle to procuring additional testimony. The usual practice of liti-

gants would take the defendant home Saturday afternoon. It does not appear that any effort at further preparation was made. We proceed, however, to an examination of the newly discovered evidence without excluding any of the affidavits from consideration.

The inquiry whether plaintiff worked for defendant in the fall of 1901 involved the further question whether plaintiff's work in 1902 ended with September as plaintiff claimed, or included October as defendant claimed. Four witnesses called by the defendant, who lived in his family or were frequently at his place, testified on the trial that plaintiff was not working there in the fall of 1901, and two of these testified that he was working there in October, 1902. The affidavits presented in support of the petition are those of Louis St. Clair, Annie St. Clair and Allen, the three already referred to, and those of Blanchard and Lambert. The evidence of Louis St. Clair, Allen and Blanchard is purely cumulative. Moreover, Blanchard's statement that he went to St. Clair's in the summer of 1902 and thinks he saw plaintiff there, and that later in the year the milk route was started and that plaintiff drove the team, he should say about two months,—is too indefinite to be accepted as a substantial contradiction of plaintiff's testimony that he commenced working that year on the last day of August and worked through September. The diary of Annie St. Clair, which shows what men came from defendant's farm to her husband's farm in 1901 to work in exchange, and contains no entry showing that the plaintiff came, if given entire credit, is far from conclusive. The most important affidavit is that of Lambert, who says that he sold his milk route to defendant in August, 1902, and that plaintiff was driving the milk wagon and taking his milk in Sep-

tember and October; and that he knows plaintiff was taking milk as late as the 19th or 20th of October, because on that day he gave another party credit for milk sent by him. No mention is made of any diary, memorandum or statement. If there was one, it evidently had not been recently examined, for that would doubtless have enabled the witness to give the exact date. This leaves it quite possible that affiant has mistakenly assigned to October what occurred in September.

We do not consider it essential to present a summary of the evidence on which the verdict was based. Upon a review of the newly discovered evidence in connection with that given at the trial, it does not seem to us probable that the additional testimony would change the result. This being the case, a new trial cannot be granted. *Westmore* v. *Sheffield,* 56 Vt. 239; *Badger* v. *State,* 69 Vt. 217, 37 Atl. 286; *State* v. *Manning,* 75 Vt. 190, 54 Atl. 181.

*Petition dismissed with costs.*