HODGE & MATTHEIS *v.* VT. STONE PRODUCTS CORP.

February Term, 1944.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed April 12, 1944.

*Joseph S. Wool* for the petitioners.

*McNamara & Larrow* for the petitionee.

PER CURIAM.   This is a petition for a new trial brought to this Court under the provisions of P. L. 2106, wherein the petitioners, the plaintiffs below, allege that their failure to file their bill of exceptions within thirty days after the rising of the September, 1943, Term of Chittenden County Court, as required by P. L. 2068, was due to the illness of the Hon. Walter H. Cleary, the Presiding Judge at the Term.

The County Court rose on November 18, 1943, and the statutory period of thirty days expired on December 18. On December 15 the petitioners' counsel mailed the bill of exceptions from Burlington, Vermont, to Judge Cleary in Newport, Vermont, with a request that it should be signed and returned for filing. By stipulation it appears that in the ordinary course of mail letters sent from either of these cities to the other are delivered the day after they are mailed. The contrary not appearing, we therefore assume that the bill of exceptions reached Newport on December 16.   Judge Cleary was ill at the time and unable to attend to the matter and consequently the bill was not signed and returned in time for seasonable filing.

The right of a party to have his exceptions heard in this Court is a substantial one, the loss of which, if it has occurred without his fault, entitles him to a new trial. *State* v. *Hathorn,* 100 Vt 431, 435, 138 A 733 ; *Falzarano* v. *Demasso,* 98 Vt 209, 214, 126 A 394 ; *Reynolds* v. *Romano,* 96 Vt 222, 224, 118 A 810. The granting of a new trial lies in the legal or judicial discretion of the Court, and we give the statute a broad scope and liberal interpretation, in view of its remedial nature, although we recognize and follow the rule that want of diligence on the part of the petitioner or his counsel affecting the grounds for a new trial will defeat the petition.   *Webb* v. *State,* 90 Vt 65, 66-7, 96 A 599 ; *Walsh* v. *Cole,* 97 Vt 459, 460, 123 A 850.

In this instance there can be no doubt that Judge Cleary would have signed and mailed the bill of exceptions upon the day of its receipt, if his indisposition had not prevented him from doing so,

and it would have been received by the petitioners' counsel in time for filing. The loss of the exceptions cannot be ascribed to the fault of the latter. We are of the opinion that the circumstances afford good cause for granting the relief sought. *Nelson* v. *Marshall,* 77 Vt 44, 47, 58 A 793, is ample authority for this holding.

*The petition is granted and a new trial ordered.*