# State of Vermont v. Frank Brown

[163 A.2d 845]

May Term, 1960

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed September 6, 1960

*John S. Burgess* and *Henry F. Black* for the petitioner.

*Thomas M. Debevoise,* Attorney General, for the State.

**Smith, J.** This is a petition for new trial. The petitioner was convicted at the September Term, 1959 of Windham County Court of arson causing death, in violation of 13 V.S.A. §501. The fire, which was the cause of the indictment, was in a drug store in Brattleboro, Vermont, which at the time of the fire was managed and controlled by the petitioner.

After verdict the petitioner moved for a new trial, and for judgment in his favor, notwithstanding the verdict. The grounds stated were that the verdict was contrary to the weight of the evidence, that it was not supported by substantial evidence, and by claimed errors on the part of the trial court in the admission and rejection of evidence. Error was also claimed on the part of the lower court in the charge given to the jury, and to the denial of the petitioner's motion for acquittal.

The petition for a new trial directed to the trial court also contained allegations that a fair trial was not had by the petitioner in Windham County because of adverse newspaper publicity prior to the trial of the case, as well as prejudice against the petitioner because of his racial and religious background. He also alleged surprise because of the introduction by the State of expert testimony on technical evidence relative to the incendiary nature of the fire.

The motion was overruled, under exception, followed by judgment and sentence on Dec. 3, 1959, with stay of sentence and execution for thirty days pursuant to the provisions of 12 V.S.A. §2399, pending an appeal. The petitioner attempted to file a notice of appeal with the clerk of the Windham County Court, as provided in 12 V.S.A. §2382 which was dismissed by this Court at the May Term, 1960 as not having been filed within the time allowed by law. See *State* v. *Brown,* 121 Vt. 459, 160 A.2d 879.

The petition for a new trial to this Court is based upon three separate grounds by the petitioner. The result sought is a new trial in some county of this state other than Windham County.

The first ground set forth by the petitioner is that he was prejudiced by a trial before a Windham County jury and will continue to be so prejudiced, and that he received an unfair and partial trial as a result.

An examination of the record of the case filed with us discloses that the claim of prejudice was first advanced by this petitioner in a motion for a change of venue made by him to the Windham County Court before trial. The motion for a change of venue was denied by that court as a matter of discretion.

The record and transcript also disclose that prejudice was one of the grounds set forth in petitioner's motion, after verdict, for a new trial made to the Windham County Court. Much of the evidence offered to this Court on the ground of prejudice such as newspaper articles before trial, the racial origin of the petitioner, and the absence of persons of the same religious faith as the petitioner from the jury panel, is identical with that considered by the trial court in its denial of the motion for a new trial before it. It has long been the law in this jurisdiction that a new trial will not be granted by this Court where it has been denied by the trial court on a motion made on the same grounds. *Stilphen* v. *Read,* 64 Vt. 400, 401, 23 A. 725.

However, in his petition to this Court the petitioner has also set forth that in a civil case brought by the Schoffer Drug Co. to collect fire insurance issued on the building, and tried in the United States District Court for Vermont at Burlington, a jury found that the fire, which was the cause of both the criminal and the civil proceedings, was not incendiary in origin. Because of this new evidence presented to us, and which was not presented to the trial court in petitioner's motion for a new trial before that tribunal, and having in mind the lack of limitation upon grounds for which this Court may grant new trials under the statutes, we have considered all the grounds relied upon by this petition relative to prejudice.

The transcript of the case below discloses that each prospective juror was ably and exhaustively examined for indications of prejudice by the two experienced counsel for the petitioner, and that they were

individually examined upon the effect of the same subject matter as is presented here, including racial or religious prejudice. The record shows that the respondent was content with the jury as drawn.

■ The petitioner contends that the jury's prejudice is indicated by the shortness of time taken by them in arriving at a verdict. The transcript indicates that the jury took slightly over four hours in their deliberations before reaching a verdict. That a passage of time of this length is "very short" as petitioner contends is, in our opinion, a debatable conclusion. But, whatever the conclusion might be, in the absence of circumstances evidencing passion or prejudice, which we are unable to find here, shortness of time alone taken by a jury in reaching a verdict may not be used as the basis for a new trial. 66 C.J.S. New Trial p. 186.

■ A jury in any case, civil or criminal, are the judges of the facts. Each jury in the case before it, under proper guidance and direction of the court, makes the ultimate decision on the issues of fact presented to it. While precedent often governs, and sometimes results in the overruling of the decisions of law by a court, one jury does not, and cannot, set a precedent for the judging of issues of facts by another jury. And this must be so even if almost identical issues of fact are considered by two different juries, because the decision of each jury on the facts before it is supreme and unappealable. The fact that one jury reaches a different conclusion on an issue of fact than another jury reaches on a similar issue, in itself, cannot be proof of prejudice on either one or the other of these tribunals of fact. Each was the final arbiter on the issues of fact before it.

It would also appear from the records before us that all of the same witnesses did not appear before the respective juries in both the criminal and civil cases, nor is there anything before us to indicate that the issues were the same in both cases. Indeed, the fact that one case was a criminal prosecution, while the other was a civil proceeding for money damages, would lead to the inescapable conclusion that the issues, in part at least, which confronted the two juries were different.

The second ground presented in the petition is that there now exists newly discovered evidence of a technical nature sufficient to

change the result of the trial, and which did lead to a different result in the subsequent trial of the civil case in the federal court.

■ The primary questions presented to this Court upon a petition for a new trial on the ground of newly discovered evidence are, first, that such evidence is new, in that the petitioner did not know about it, and that such lack of knowledge was not by reason of lack of diligence on the part of the petitioner, and, second, that such new evidence is of such character as to give reasonable assurance that it will work a different result upon a retrial. *Kaeser* v. *Town of Starksboro,* 116 Vt. 389, 392, 77 A.2d 831 ; *State* v. *Baker,* 115 Vt. 94, 112, 53 A.2d 53.

In considering the question of whether such newly discovered evidence is such as to give reasonable assurance that it will work a different result upon a retrial we quote the words of this Court in *Doherty* v. *State of Vermont,* 73 Vt. 380, 389, 50 A. 1113, 1116 :

"In passing upon this question we must to some extent at least, place ourselves in the positions of jurors, for it is for us to determine whether upon all the testimony in the case a jury upon another trial would arrive at another result from that expressed by the verdict upon former trial."

The new evidence offered by the petitioner consists of the testimony of two expert witnesses who appeared in the civil trial in the United States District Court. It is the claim of the petitioner that such newly discovered evidence would contradict the testimony of Dr. Harrison, an expert witness produced by the State in the trial below, on the incendiary nature of the fire.

The transcript of the trial below discloses that the State produced two expert witnesses who testified as to the cause and origin of the fire, while the petitioner, on his part, produced four expert witnesses who testified on various aspects of the same subject matter. The petitioner now seeks to offer additional expert and opinion evidence, claimed to be newly discovered, on the fire's cause and origin.

One of the two witnesses, whose testimony is now offered by the petitioner, is Professor Donald Carr, an instructor in an educational institution in Windham County, Vermont. His testimony is confined to the result of various experiments made by him as to the effect of

64

heat and fire on so-called accellerants in various types of containers. The petitioner claims that the effect of such evidence would be to contradict the testimony of Dr. Harrison, given in cross-examination, as to similar experiments performed by him.

■ It is at least doubtful, in our opinion, that diligence could not have produced Professor Carr as a witness for the petitioner in the trial below. He was a resident of the very county in which the case was tried and in which both the respondent and one of his counsel also lived. But, waiving the issue of diligence, by the very offer of the petitioner it is evident that Professor Carr's testimony goes only to the impeachment of that of Dr. Harrison's testimony. A new trial will not be granted for newly discovered evidence which is largely cumulative or impeaching, and not sufficiently decisive to render probable a different result on retrial. *Lawson* v. *Crane and Hall,* 83 Vt. 115, 119, 74 A. 641.

The other expert testimony offered, under the claim of newly discovered evidence, is that of Mr. John Kennedy, an admitted expert on arson. Mr. Kennedy testified at the civil case in the Federal Court that he examined the premises where the fire occurred some seven months after the time they had been examined by Dr. Harrison. In the criminal trial expert witnesses for the State had eliminated electrical connections as the cause of the fire, but Mr. Kennedy stated he was unable to do so because many of the electrical connections had been removed by the time he examined the premises.

Upon direct examination Mr. Kennedy testified, "I found no evidence whatsoever of incendiary nature." On cross-examination, in answer to the question, "Can you make a finding that there was no incendiary origin here," his answer was, "No, sir, I cannot." His testimony may well be summed up by his own answer to a question on cross-examination, "I cannot make a finding as to what caused this fire."

■ The testimony of a witness whose first examination of the burned premises took place some fifteen months after the fire, during which time at least some changes had taken place on the premises, and whose conclusion is that he cannot make a finding as to the cause of the fire could not, in our opinion, create such a clear case of doubt of

the petitioner's guilt as would entitle him to an acquittal. *State* v. *Williams,* 27 Vt. 721, 724.

The offered evidence of Mr. Kennedy is negative in nature and is cumulative to that offered in the trial below by the petitioner. We cannot find that the newly discovered evidence offered by the petitioner is sufficiently decisive to render probable a different result on a new trial. Such finding is essential if a new trial is to be granted on the ground of newly discovered evidence. *Taylor* v. *St. Clair,* 79 Vt. 536, 542, 65 A. 655. Moreover, new expert evidence is not ground for a new trial. *Eller* v. *Paul Revere Life Ins. Co.,* 230 Iowa 1255, 300 N.W. 525, 538; 66 C.J.S. New Trial, p. 294.

The petitioner has also claimed surprise in the introduction by the State of expert evidence as to the incendiary nature of the fire which was the basis for the indictment. It is difficult to believe that the surprise of the petitioner, represented by two able trial counsel, could have been too great on the introduction of this evidence which was the essential element of the State's case against him, particularly since no request for a continuance was requested from the trial court by the petitioner because of such surprise. A strong case must be shown in a case where the defendant proceeds with the trial without moving for a continuance. *Taylor* v. *St. Clair, supra,* p. 540. We cannot find a strong case of surprise under the circumstances here shown.

The third, and last ground set forth in the petition is that the petitioner will be deprived of judicial review of this trial on a capital offense through mistake of law on the part of the petitioner in the event that this Court dismisses the appeal previously filed with it. The appeal was dismissed by this Court at the May Term, 1960. *State* v. *Brown, supra.*

This Court in a recent decision involving this same petitioner stated:

"The respondent has cited to us a number of cases in which this Court has relieved counsel of the consequences of a late appeal by granting a new trial. There is no doubt but that this Court has used such a petition as a device for relieving a would-be appellant from the loss of his appellate review."

A number of cases are then cited in which a new trial was granted by this Court. The Court then went on, however, to say:

"It is to be noted that relief of this sort has never been granted except where the right of appeal has been lost by circumstances other than those arising from the fault of the petitioner. *State* v. *Brown* (*supra*)."

In the case of *Chapman* v. *Chapman,* 118 Vt. 166, 169, 102 A.2d 849, this Court said:

"Any negligence or other fault on the part of a petitioner or his counsel will defeat a petition to this Court for a new trial."

 Because the crime of which the petitioner stands convicted is a capital one, and with the realization that our power to grant a new trial is of broad scope and without limitation as to the grounds upon which such new trials may be granted, we have considered not only each separate ground upon which the petitioner seeks a new trial, but the cumulative effect of them considered together. "The main basis of a new trial is, and always should be, that the result of the former trial was against good conscience, as well as the law, and that another trial, to a moral certainty, will change the result." *Beckwith* v. *Town of Middlesex,* 20 Vt. 593. We fail to find that any injustice was suffered by this petitioner upon trial, nor does it appear to us that the result would be changed if another trial was to be had.

*Petition dismissed.*

**Holden, J., dissenting.** The right of appeal is a substantial right. Its foreclosure, for causes beyond the control of the party seeking appellate review, has afforded adequate justification to this Court for granting relief by way of a new trial. *Nelson* v. *Marshall,* 77 Vt. 44, 48, 58 A. 793; *Reynolds* v. *Romano,* 96 Vt. 222, 224, 118 A. 810; *Walsh* v. *Cole,* 97 Vt. 459, 460, 123 A. 850; *Falzarano* v. *Demasso,* 98 Vt. 209, 214, 126 A. 394; *Hodge & Mattheis* v. *Vermont Stone Products Corp.,* 113 Vt. 491, 492, 37 A.2d 183.

In this instance the respondent's notice of appeal, although mailed in due time, was misdirected by counsel to the clerk of the general term of the Supreme Court rather than the clerk of the Supreme Court for Windham County. The intervention of the New Year week-end

delayed discovery of this misadventure until after the appeal had become irretrievably lost by expiration of the time for filing the notice. *State* v. *Brown,* 121 Vt. 459, 160 A.2d 879, 881. I regard this combination of circumstances as factors beyond the respondent's control.

To be sure the mistake occurred through a misunderstanding on the part of respondent's counsel and the majority assign the error to the petitioner. But I would not deny the petition for this reason for it appears to me that the mistake was excusable.

This was one of the early appeals following the adoption of the new rules of procedure enacted by the General Assembly in 1959. The provisions of 12 V.S.A. §§2382 and 2383 are entirely new and discarded the familiar and accustomed method for bringing exceptions to this Court for review. The identity of the several clerks of the Supreme Court remained unchanged, nevertheless loose reference to this official "has tended to create something close to a pitfall for the unwary." *State* v. *Brown, supra,* 121 Vt. 459, 160 A.2d at 882.

In an earlier day when appellate procedure was similarly unsettled, this Court deemed it just to excuse a procedural mistake of counsel that had deprived a respondent of his right to appeal a misdemeanor conviction. *Webb* v. *State,* 90 Vt. 65, 68, 96 A. 599. Mistake of counsel in matters of law and procedure presented no obstacle to the granting of new trials in *Dow* v. *Town of Hinesburgh and Weed,* 1 Aik. 35, 38; *Stanton* v. *Bannister,* 2 Vt. 464, 470; *Starkweather* v. *Loomis,* 2 Vt. 573, 574; *State* v. *Williams,* 27 Vt. 724, 727. See also *MacDonald* v. *Orton,* 99 Vt. 425, 432, 134 A. 599.

I agree with the majority to the extent that there is no demonstration that the result reached at the trial was against good conscience nor is there any assurance, to the point of moral certainty, that a new trial will yield a different result. Conversely, the finding of the federal jury, by special verdict in the civil action arising from the fire, that there was no arson is not to be ignored in a discretionary ruling. The fact that the jury in the civil proceedings returned a different verdict after hearing expert testimony that was not presented in the criminal case carries some appeal to judicial discretion. What effect, if any, such evidence would have on a retrial is at best a matter of forecast, hardly capable of prediction "to a moral certainty" within the doctrine of *Beckwith* v. *Town of Middlesex,* 20 Vt. 593, 594, quoted in the majority opinion.

Up to now, this Court has not seen fit to confine the boundaries of its power to grant a new trial to this inflexible standard. "To preserve intact the due administration of justice a broader principle may sometimes be successfully invoked." Haselton, J. in *Nelson* v. *Marshall, supra,* 77 Vt. 44 at 47, 58 A. 793; *Walden* v. *Clark,* 50 Vt. 383, 385; *In re Ketchum,* 92 Vt. 280, 287, 102 A. 1032.

Since this conviction has been withheld from appellate review through no want of diligence on the part of the petitioner and for a procedural mistake which I consider excusable, it is my judgment that the petition for a new trial should prevail.