JOHNSON AND WIGHT, INC. *v.* CLYDE G. RICKARD.

(52 A2d 786)

February Term, 1947.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed May 6, 1947.

*Everett L. Hathorn* for the plaintiff.

*Alban J. Parker* and *Palmer D. Ainsworth* for the defendant.

BUTTLES, J. This is an action in contract brought by a purported New Hampshire corporation. The writ was dated July 2, 1946, and served and entered in court on July 11, 1946. The following day the defendant entered a general appearance. The case was set for trial on Oct. 23, 1946, and on that day the defendant filed a plea which he terms a plea to the jurisdiction, alleging the non-existence of the plaintiff as a corporation and its incapacity to sue. Hearing was had by the court and findings were made and filed, which included a finding that the charter of the plaintiff corporation had been repealed, revoked and annulled by Act of

the New Hampshire Legislature in 1939, and that no action had thereafter been taken to reinstate the plaintiff as a corporation. To this finding no exception was taken. The court adjudged the plea sufficient, dismissed the writ and the cause of action, and passed the case to this Court upon the plaintiff's exceptions.

The question presented by the plaintiff's brief is whether the defendant waived his right to object to the alleged non-existence of the plaintiff and its incapacity to sue by entering a general appearance, joining issue in general denial, and failing to file its special plea within the time allowed for filing dilatory pleas.

The defendant's plea must be held to be what in fact it is, regardless of the fact that he has termed it a plea to the jurisdiction. *Bellows* v. *Sowles,* 71 Vt 214, 215, 44 A 68; *City of Newport* v. *Lindsay,* 106 Vt 201, 203, 170 A 676; *Goodro* v. *Tarkey,* 112 Vt 212, 215, 22 A2d 509. All dilatory pleas have sometimes been referred to as jurisdictional, *Howe* v. *Lisbon Sav. Bank,* 111 Vt 201, 216, 14 A 2d 3, but a plea to the jurisdiction, in its strict sense, is one by which the defendant excepts to the power and authority of the court to entertain the action, either for lack of jurisdiction of the subject matter, or for lack of jurisdiction of the person of the defendant. Shipman on Common Law Pleading, 3rd ed. 385. It is apparent that the plea under consideration could not be a technical plea to the jurisdiction, since no complaint is made of the court's lack of jurisdiction over the subject matter of the action or over the person of the defendant. The plea denied the existence of the plaintiff, and this the defendant could do only by a plea in bar or by a plea in abatement to the disability of the plaintiff. *Boston Type and Stereotype Foundry* v. *Spooner,* 5 Vt 93; *Aetna Ins. Co.* v. *Wires,* 28 Vt 93, 95; *Dohorty* v. *Madgett,* 58 Vt 323, 325, 2 A 115; *Union Co-op. Store* v. *Fumagalli,* 107 Vt 145, 148, 175 A 847; Chitty on Pleadings, 16th Am. Ed. *p. 464, note g. The rule is the same whether the plaintiff purports to be an individual or a corporation. *Boston Type and Stereotype Foundry* v. *Spooner, supra; Aetna Ins. Co.* v. *Wires, supra.* The Boston Type and Stereotype case also holds that the rule requiring a plea in abatement to give a better writ does not apply to cases where, as here, it is impossible for the defendant to give and the plaintiff to have a better writ.

It follows that the court could have treated the plea as

being either a plea in bar or a plea in abatement. But dilatory pleas are not favored by the court and must be urged at the earliest opportunity. If this is not done the defect will be deemed to be waived. *Coolbeth* v. *Gove,* 108 Vt 499, 503, 189 A 858; *Univ. of Vermont* v. *Joslyn,* 21 Vt 52, 59. The defendant having filed no answer within five days after the expiration of the time for entering appearance the general denial was considered pleaded. County Court Rule 15 and P. L. § 1574-II. If the plea thereafter filed was considered a plea in abatement it was error for the court to fail to dismiss it upon motion, since after a plea in bar a defendant cannot plead in abatement, unless for new matter arising after the commencement of the suit. Chitty on Pleadings, 16th Amer. Ed. *p. 457. But in our opinion the court was not required, as a matter of law, to dismiss the plea if it considered it to be a plea in bar. The filing of such pleadings out of time is a matter of discretion and the action of the county court in that behalf is not revisable here. *Gifford* v. *Willard,* 55 Vt 36, 38. See *Benthall* v. *Hildreth,* 2 Gray, 288; *Langdon* v. *Potter,* 11 Mass 313.

■■ It is true that by pleading general denial the defendant had admitted the corporate existence of the plaintiff and its capacity to sue, *Boston Type and S. Foundry* v. *Spooner, supra, Dohorty* v. *Madgett,* 58 Vt 323, 325, 2 A 115, and that this was, for purposes of use in this suit, a judicial admission, constituting a waiver of controversy as to that point and a limitation of the issues. *Holbrook* v. *Quinlan & Co.,* 84 Vt 411, 428, 80 A 339, 2 Wigmore, Evidence, 3rd ed. § 1064. Such an admission is, in general, conclusive and irrevocable, but when it is clearly shown that it was made improvidently and by mistake, the court, in its discretion, may relieve the party of the consequences of his error. *United States for use of Lyman Coal Co.* v. *U. S. Fid. and Guar. Co.,* 83 Vt 278, 281, 75 A 280; *Holbrook* v. *Quinlan & Co., supra.*

■ Permitting the defendant to file a plea which the court properly considered a plea in bar, denying the existence of the plaintiff and its capacity to sue would amount to a discretionary ruling that the defendant was relieved from the admission previously made by pleading general denial. The contrary not appearing we must assume that the court's discretion was properly exercised upon the basis of the required finding that such admission was made improvidently and by mistake. We also assume,

in support of the judgment, that the trial court treated the plea in question as a plea in bar. *Cleveland* v. *Rand,* 90 Vt 223, 229, 97 A 989; *Vermont Marble Co.* v. *Eastman,* 91 Vt 425, 456, 101 A 151.

*Judgment that the defendant's plea is sufficient and dismissing the writ and cause of action is affirmed.*