EVA BEAULAC OLIGNY *v.* RUBY LAWYEA UNDERWOOD.

(71 A2d 250)

January Term, 1950.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.

Opinion filed February 7, 1950.

*P. C. Warner* for the defendant.

*P. L. Shangraw* for the plaintiff.

ADAMS, J. This is an action of tort for alienation of affections of the plaintiff's husband. Count 1 of the declaration, on which the case was submitted to the jury, alleges alienation by enticement, inducement and companionship, causing the husband to leave the home of the plaintiff and cease to co-habit with her. The acts are alleged to have occurred between May 1st, 1947, and the date of the writ, August 1st, 1948. Verdict and judgment were for the plaintiff for $2,500. The case is here on defendant's exceptions.

The defendant made a motion for a directed verdict and to set aside the verdict, both of which were overruled and exceptions allowed. In connection therewith she has briefed and argued exceptions to the admission and exclusion of evidence so we first consider those exceptions.

It appeared in evidence that the plaintiff and her husband were married in 1924; that they lived together at St. Albans since the first part of their married life until 1942; that they had trouble then over the defendant and the husband left the plaintiff and their home; that the separation continued until April, 1946, when they became reconciled and resumed marital relations again at St. Albans which continued until November, 1947, when he again left and never returned to the plaintiff; that she brought a petition for divorce in January, 1948, and obtained a divorce on August 9th, 1948.

■ The plaintiff offered and was allowed to show, subject to the objection and exception of the defendant, certain conduct of the husband and the defendant that took place during the first separation. The ground of the objection was that it was previous to the date of May 1st, 1947, alleged in the declaration and therefore immaterial. It was offered and admitted for the purpose of showing a long continued friendship between the husband of the plaintiff and the defendant and as bearing upon their relations after May 1st, 1947. The nature of the suit and what is involved in its solution opened a broad field of inquiry and investigation. *Rudd* v. *Rounds,* 64 Vt 432, 439, 25 A 438. The evidence had probative value in connection with the relationship and conduct of the parties concerned during the period covered by the declaration. It tended to show that their friendship and conduct during the latter period was more probable. It assisted in characterizing and allowing the jury to evaluate such conduct. There was no error in admitting it for the purpose offered. The Court correctly limited its scope in its charge to the jury to which no exception was taken.

The defendant objected to the exclusion of a question asked the husband in regard to his complying with an agreement entered into with the plaintiff before her divorce case was heard in regard to paying her money for her support by way of alimony and property settlement. The question was answered before the objection was made and no request was made to have the answer struck or that the jury be instructed to disregard the answer. It is to be noted, that the question had to do with an agreement made by the husband with the plaintiff and not about complying with any alimony order made in her divorce case. The defendant's attorney in discussing the above ruling in his brief filed in this Court says:—"The Court, however, did permit evidence showing the husband's earnings, T. P. 36, but denied the defendant's right to show that the husband had complied with payment of alimony and property settlement. T. P. 44, 45." The above statement was emphasized and amplified in oral argument. The transcript, which is controlling according to the bill of exceptions, shows exactly the opposite of what is stated in the brief and was further reiterated in oral argument.

The transcript shows that the defendant offered a copy of the decree and order in the divorce case. After a conference at the bench, it was admitted and marked, Deft. Ex. C. It is among the

exhibits supplied us. It shows that the husband was ordered by the Court to pay the plaintiff $30. each week by way of assistance for her support and that of two minor children. The transcript shows that the husband testified, without objection, that he had been paying the plaintiff the $30. per week as ordered by the Court. It shows that the plaintiff also testified, without objection, that he had been paying her the $30. per week under the Court order. The defendant was not denied the right to show that the husband had complied with payment of alimony and property settlement. This exhibit and testimony showing that he had was in the case. We have no means of knowing how much use was made of it in presenting her side of the case to the jury. We give no further consideration to the exception.

The defendant made a motion for a directed verdict which was overruled and exceptions allowed. She has briefed the following grounds, in substance;— That the evidence failed to show any alienation or destruction of affection by the defendant or any enticement or attempt on the part of the defendant to alienate the affections of the plaintiff's husband.

In addition to the evidence mentioned in the first part of this opinion, other evidence viewed in the light most favorable to the plaintiff tended to show;— That the plaintiff's husband and the defendant became acquainted in 1940; that they went out together after that once or twice a week; that the defendant obtained a divorce from her husband in 1941; that the defendant and the plaintiff's husband talked about getting married; that the defendant told the plaintiff her husband was going to divorce her and marry the defendant; that after the husband left the plaintiff in 1942 he went to Springfield, Mass. to live and work; that the defendant was then working in Brattleboro, Vt.; that she and the plaintiff's husband saw each other there a few times; that shortly after that the defendant went to Springfield to work and live; that she and the plaintiff's husband worked in the same plant and saw each other there every day; that they had adjoining rooms at the same house; that they went out together about once a week to the movies; that the defendant took care of the husband's room, made his bed and took care of his clothing; that in April, 1946, they quarreled and the husband left and came back to St. Albans and resumed marital relations with his wife; after that the defendant wrote him several times, sending the letters through a friend of hers to be delivered

to him, in one letter telling him that she would be up to St. Albans in June, 1946, and would see him; that in August, 1946, the defendant went to Florida and stayed until the last of May, 1947; that she returned to St. Albans in September, 1947; that immediately after her return she and the plaintiff's husband started going out together; that she procured work at the same plant in St. Albans where he worked; that they rode to and from work together; that they continued to go out together two or three times a week to the movies, to the restaurants to eat and to other places for a drink; that they made two or three trips to Plattsburg; that after the plaintiff and her husband resumed marital relations, they got along all right and things were pleasant between them and he was nice to her until the defendant's return to St. Albans; that his attitude towards the plaintiff began to change then; that he started staying out late nights; that when he ceased living with the plaintiff in November, 1947, he took his clothes with him and gave no reason for leaving. With the evidence standing thus plus reasonable inferences that might be drawn therefrom, there was sufficient evidence to take the case to the jury. The motion was properly overruled.

Grounds, 5, 6 and 7 of the motion to set aside the verdict are substantially the same as the ones we have considered in the motion for a directed verdict. What we have said in regard to that motion disposes of them adversely to the defendant and makes it unnecessary to consider them further.

Ground 1 of the motion to set aside the verdict is that it is based upon evidence that was improperly admitted as to the relationship of the defendant and the plaintiff's husband prior to May 1st, 1947. We have seen that the evidence was properly admitted for the purpose offered and its application to the case correctly stated by the Court to the jury. This ground of the motion is, therefore, of no avail here.

The other two grounds of the motion briefed are that the verdict is excessive and the result of passion and prejudice. This was addressed to the legal discretion of the trial Court. It is only reviewable here for failure to exercise such discretion or for what amounts in law to abuse of discretion. *Woodhouse* v. *Woodhouse,* 99 Vt 91, 153, 130 A 758, and cases cited.

Where there is no legal measure of damages and they are unliquidated, the amount thereof is for the judgment and legal

discretion of the jury. The court will not usually interfere with their verdict unless it clearly appears that it is excessive or insufficient. Courts are reluctant to reduce even excessive damages in actions for alienation of affections because of the lack of any rational basis upon which to fix the proper amount. *Woodhouse* v. *Woodhouse, supra,* at 157 ; *Shedrick* v. *Lathrop,* 106 Vt 311, 317, 172 A 630.

We cannot say that the trial court in denying the motion exercised its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable which is the test here. *Woodhouse* v. *Woodhouse, supra,* 160 and cases cited. The exception is not sustained.

The evidence tended to show that when the plaintiff and her husband separated in 1942, he turned over all his property to her and she said she didn't care what he did or who he went out with. The defendant excepted to the failure of the court to charge that if the jury found this to be the fact and the wife consented to his going around with the defendant there would be no alienation. In support of her contention that she was entitled to such a charge, she calls our attention to cases supporting the familiar rule of law that no one can maintain an action for wrong where he has consented or contributed to the acts which cause the loss. That does not apply to the situation here. The first separation was in 1942 and the property was turned over then, at which time the alleged talk took place. That was four years before the reconciliation in 1946. The plaintiff and her husband had lived together in peace and harmony for more than a year when the defendant again appeared upon the scene. What had happened between the plaintiff and her husband prior to the reconciliation gave the defendant no right to again intrude upon their married life. This suit was brought for alienation of affections that had sprung into being again since the reconciliation and for what had happened and acts of the defendant since then. There was no consent by the plaintiff to what the defendant did after the parties were reconciled or to the relations of the defendant with the husband after that. The defendant was not entitled to the instruction. There is no error.

*Judgment affirmed.*