GEORGE L. KAESER ET AL. *v.* TOWN OF STARKSBORO.

(77 A2d 831)

Special Term at Rutland, November, 1950.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY and BLACKMER, JJ., and HULBURD, Supr. J.

Opinion Filed January 2, 1951.

*Louis Lisman* for the petitioner.

*William S. Burrage* for the petitionee.

SHERBURNE, C. J.   After the decision in this case at the May

Term, 1950, 116 Vt 251, 73 A2d 881, where we held that the selectmen of the defendant town were authorized by the action taken at the town meeting of October 6, 1947, to purchase the snow plow unit in question, the defendant filed this petition for a new trial, in which it alleges that, at the properly warned annual town meeting in 1950, under an article in the warning therefor "to pass on the minutes of regular and special meetings not yet approved," the minutes of the October 6, 1947, meeting were read, and a motion was made "in order to correct the minutes" that the vote taken at that meeting under Article 14 of the warning therefor be amended to read: "Moved to buy a four wheel drive truck but not a Marmon Herrington," and that such amendment was made before our decision, but after the trial in county court. The petition further alleges that since the issue of the authority of the selectmen was tried on the recorded minutes of the town meeting, the amended minutes put the action of the town in an altogether different light, and that it would shock the conscience of any court to deny a new trial when it appears that the case was tried below on a document which did not correctly set forth the proceedings of which it was supposed to be a record; that no question of diligence is presented here, for the amended record did not come into existence until after the trial and parol evidence to correct the record would not have been admissible at the trial; and that no question is involved of misleading the plaintiffs, since there is no evidence that they relied on the original minutes and the issue has been narrowed by agreement as to whether the selectmen had authority, and in any event the evidence in the transcript clearly shows that the attorney of the plaintiffs attended the meeting and therefore must have been familiar with the proceedings thereat.

Other than that the truth of the petition to their best knowledge and belief is sworn to by the selectmen and attorney of the defendant town, it is only supported by the affidavit of Ruby B. Craig, that she was town clerk of the defendant town on March 7, 1950, having been duly elected and qualified at the annual meetings in 1949 and 1950, that she attended the annual meeting on March 7, 1950, and took the record of the proceedings thereat, and that the attached certified copies of the warning and minutes of such meeting are true, accurate and complete copies.

The petition has been met by what is termed a motion to dismiss

on the grounds that the record on its face fails to aver and show either in the petition or by the attached affidavits,

(1) that the defendant or its attorney did not know of the purported newly discovered evidence, and that said lack of knowledge was not due to the negligence or lack of attention of the defendant or its attorney;

(2) that there has been no lack of diligence on the part of the defendant or its attorney in failing to discover and produce the evidence which is claimed to be newly discovered; and

(3) the action taken by the defendant or its attorney to discover the newly discovered evidence so that the Court can see for itself whether or not the required diligence was exercised by the defendant or its attorney.

Before discussing the merits of the motion we first consider defendant's claim that the defects alleged are proper subjects of a demurrer and not a motion to dismiss. We have held in several cases that defects in a declaration or complaint that pertain to the right of recovery on the merits cannot be taken advantage of by a motion to dismiss. *Lynch's Admr.* v. *Central Vermont Ry. Co.*, 89 Vt 363, 366, 95 A 683; *Clement* v. *Graham*, 78 Vt 290, 305, 306, 63 A 146 and cases cited. A motion to dismiss is in the nature of a plea in abatement, and is not used for testing the right of recovery on the merits, but only for impeaching the correctness of the proceedings for the purpose of abating the action. *Alexander* v. *School District No. 2*, 62 Vt 273, 276, 19 A 995; *Marsh* v. *Graves*, 68 Vt 400, 35 A 335; *Taft* v. *Taft*, 82 Vt 64, 71 A 831.

Undoubtedly a demurrer would have been the better way to test the sufficiency of this petition, but in *Quigley* v. *Wiley*, 108 Vt 173, 183 A 339, a motion to dismiss was availed of in a similar case. In *Hemmenway* v. *Lincoln*, 82 Vt 465, 73 A 1073, a similar case was heard on the pleadings, and in *Flint* v. *Holman*, 82 Vt 513, 73 A 585, the hearing was on the affidavits in support of the petition. In all of these cases the petitions were "dismissed." Had the plaintiffs demurred they could have prayed that the petition be dismissed. This motion to dismiss is in effect a demurrer and we so treat it regardless of what it is called. See *Johnson and Wight, Inc.* v. *Ricard*, 115 Vt 118, 120, 52 A2d 786.

In order to prevail upon this petition it is necessary for the defendant to show by the attached affidavits that its situation regarding the new evidence is not due to lack of diligence on its part

or on the part of its counsel. It must not only show that it did not know about it, but it must show that its lack of knowledge was not due to negligence or lack of attention to the requirements of its case. It must state the action taken and the circumstances so that the Court can see for itself whether the required diligence was exercised. It must also show that the new evidence is of such character as to give reasonable assurance that it will work a different result upon a retrial. *State* v. *Baker,* 115 Vt 94, 112, 53 A2d 53; *Dunbar* v. *Farnham,* 109 Vt 313, 324, 196 A 237, 114 ALR 996; *State* v. *Hathorn,* 100 Vt 431, 435, 138 A 733; *Picknell* v. *Fulton,* 89 Vt 51, 55, 94 A 104; *Ploof* v. *Putnam,* 83 Vt 494, 76 A 145.

■ As to whether the alleged amendment of the record of the October, 1947, town meeting was a lawful one we need not decide for the purpose of discussing the three enumerated objections to the petition. It is true that this did not come into existence until after the trial but if the defendant through its proper officers knew that the record was faulty in the respects indicated at or before the time of trial, it was its duty to have procured an amendment to be made for use at the trial or to have asked a postponement of the trial in order to take proper measures to get it amended. A town clerk, while having custody of the records, may correct an error which he has made in his record, so that it be according to the facts, and such amendment should ordinarily be made by the original documents or minutes. *Hoag and Dow* v. *Durfey,* 1 Aikens 286; *Mott* v. *Reynolds,* 27 Vt 206. It should be noted that the clerk must have custody of the records, or in other words be town clerk at the time he makes the amendment. After he goes out of office he cannot be allowed to come in and amend the records. *Hartwell* v. *Littleton,* 13 Pick (Mass) 229.

■ ■ Under Vermont Statutes, Revision of 1947, § 3560, the selectmen shall have the general supervision of the town. Their authority approximates that of general agents. *New Haven* v. *Weston,* 87 Vt 7, 20, 86 A 996, 46 LRANS 921. When a notice affecting the town's liability is given to a member of the board of selectmen, it is given for the town, and it becomes the duty of the member notified to communicate the notice to his associates. *Douglas & Varnum* v. *Village of Morrisville,* 89 Vt 393, 460, 95 A 810; *Burditt Bros.* v. *Porter,* 63 Vt 296, 298, 21 A 955. In *Whipple* v. *Village of Fair Haven,* 63 Vt 221, 21 A 533, 534, where damages were sought for allowing the discharge of water on the

orator's premises through a culvert, it was contended that the village was not liable, because the damage was occasioned by the unlawful or negligent conduct of its officers who were not its servants, but the servants of the State when repairing highways. But the Court said that if the culvert was obstructed by such conduct of its officers, and the village neglected after reasonable notice to remove the difficulty, it was liable; that there was notice to the village, "for its trustees had knowledge of the fact, and it was their duty to act in respect of it, and therefore their knowledge, even when not acting as agents of the village, was notice to the village."

The petition shows that the plaintiffs' attorney was present at the October, 1947, meeting, and must have been familiar with the proceedings there. Presumably defendant's then selectmen were also present. If so, they must also have known about this particular vote. According to the former opinion in this case showing the vote taken, there was considerable opposition to the purchase of a four wheel drive truck. Only two selectmen signed the purchase order, indicating that possibly the third did not approve. For some reason, possibly because of what happened at the annual town meeting in 1948, the town stopped using the truck at or about that time, but not because of any mechanical defects, and no payments have been made since then. Although the plaintiffs in June, 1948, demanded payment, they did not start this suit for nearly a year afterward. Not until after the hearing in this Court, when it became apparent what this Court might possibly decide, was any step taken to get the record amended. As said in *Hadley* v. *Chamberlin,* 11 Vt 618, "the practice of amending and altering the records, when a controversy has arisen, to meet a particular case, or in consequence of a decision of the court cannot be defended." The record of the 1950 town meeting shows that H. K. Saunders, who made the motion at the October, 1947, meeting under article 14 of the warning for that meeting, objected to the record of his motion and proposed, in order to correct it, that it be amended to read as indicated. This would indicate that he was opposed to the purchase of this particular make of truck. To prevail upon this petition there should be a showing that he never, prior to the trial, indicated to the selectmen, or any of them, that his motion did not authorize its purchase. There should also be a showing that none of the selectmen in office in October, 1947, and in office up to the time of trial knew, or had any reason to know, that the vote at such October meeting was in fact

upon a motion "to buy a four wheel drive truck but not a Marmon Herrington." Moreover, under the circumstances here disclosed, the attached affidavits should show beyond a reasonable doubt that the vote at such meeting was upon a motion so worded. For all the reasons indicated the petition is clearly defective in the three respects enumerated in the motion.

It is unnecessary to consider the other grounds of the motion.

During argument the defendant asked leave to amend its petition in case it should be found to be insufficient.

*The defendant may have until February 13, 1951, to file an amended or supplemental petition and additional supporting affidavits, if it is so advised, failing which let the stay be vacated and the petition be dismissed with costs.*