## G & H Holding Company v. Francis O. Dutton

[110 A2d 724]

Special Term at Rutland, November, 1954.

Present: **Sherburne, C. J., Jeffords, Cleary, Adams and Chase, JJ.**

Opinion Filed January 4, 1955.

*Joseph M. O' Neill* for the defendant.
*Loveland & Hackel* for the plaintiff.

**Adams, J.**  The petitioner is the defendant in an action of trespass brought to recover damages to real estate by cutting timber and for other acts of the defendant.   Upon trial the plaintiff prevailed and the case was brought to·this Court on the defendant's exceptions where it is now pending.   While so pending, the petitioner brings this petition for a new trial upon the ground of newly discovered evidence.

At the trial in the county court the plaintiff introduced evidence showing that the property consists of two hundred acres of land with three ponds on it; that near the largest, the Clark pond or lake, so-called, a farm house had been remodeled and partly completed into a four family house and a road constructed from it to the lake; that a ranch type lodge with living quarters had been constructed near the lake at a cost of about $20,000.00; that three docks on the lake had been built with a bath house; that a large boat house had been built with living quarters above it; that another large boat house with an overhanging cement foundation and a porch for people to sit and enjoy the scenery had been built; that another house with kitchen, two bedrooms, two baths and a porch had been built at a cost of over $9,000.00; that an artesian well had been dug with an electric pump installed and water piped to the various buildings; that the land had been landscaped, stumps removed, shore line graded and filled; a sand and gravel beach made, trees trimmed up to 50 to 60 feet so the whole lake and shore line and land across it·could be seen; that there was opposite the buildings and across the lake a

stand of large, tall pine trees bordering the shore and extending back from it a short distance; that over fifty of these trees had been cut in the Spring of 1953 by the employees of the defendant; that the tops of these trees were left on the land as they fell with only the merchantable logs removed; that these tops made a fire hazard; that the logs were skidded out by tractor, leaving the terrain rough and rutted; that a road with a bridge had been built across part of the land for access to the timber and this was left rough, rutted and impassable; that shale had been dumped and spread on the road the plaintiff had built; that small trees had been broken down and uprooted in the lumbering operations; that the cut-over area is about an acre in extent and extends along the shore of the lake opposite the lodge and buildings for a distance of more than 500 feet; that the cutting materially changed the view as one looks across the lake from the lodge and other buildings; that the plaintiff uses the land and premises to entertain its guests and business associates.

In addition to showing the acts of the defendant and the results mentioned, the plaintiff introduced evidence of the amount of the stumpage cut and its value per thousand feet. The defendant's evidence showed the stumpage nearly the same as that of the plaintiff, but it set the value per thousand feet at about one-third less.

The defendant did not deny the cutting and removal of the timber and the trial court on motion of the plaintiff directed a verdict for it and submitted the case to the jury on the question of damages only. The verdict was a general one for $3,600.00.

The plaintiff used one Arlington Pond as a witness. After stating that his occupation is a real estate agent; that he had been engaged in that business for about 15 years; that his real estate business took in most of the state but predominately Rutland County; that he had knowledge of the price of real estate in Rutland County; that he had a license in the state of Vermont in the business, he testified that at the request of an attorney for the plaintiff he had inspected the premises. He then described in detail the farm house as

he saw it from the outside, new foundation, condition as to paint, the artesian well, new ranch type house, picture windows, saying those buildings were both beautiful as the only way he could describe them. He then mentioned the boat houses, docks, fill of sand and gravel to make a beach, the landscaping with rock gardens and planting of trees, the clearing away of underbrush, trees trimmed and pathways laid out. He then described the cut over area across the lake from his inspection of it, the tops of the trees left, the stumps, the ruts and torn up road, the broken bridge, the damaged small trees and the view of the area from the lodge and buildings. He then testified that in his opinion the then present value of the premises is $70,000 and that the value before the cutting of the trees was $3,000 more than that or that the value of the premises had been depreciated about $3,000. by the cutting of the timber along the shore line.

The defendant introduced no evidence of the value of the premises or of depreciation, if any, by reason of the cutting of the timber. He introduced evidence of the stumpage value of the timber and his evidence tended to minimize the fire hazard from the tops of the trees left on the ground, the damage from ruts in the land and road and the change in appearance from across the lake by reason of the cutting of the timber.

The petition for a new trial involves the question of damages only. It is alleged that since the trial which was in January 1954 and while counsel was reading the transcript of the evidence for presentation of the case to this Court that it came to the attention of the petitioner and counsel that Pond was licensed as a real estate broker since 1946 only and not for fifteen years. The petition is supported by the affidavits of the petitioner and his counsel and a certificate of the Secretary of State setting forth the records of the Commission of Real Estate Licenses showing that Pond has been licensed since October 14, 1946.

There are also ex parte affidavits taken since the petition was filed which by agreement of counsel are to be treated as testimony taken by deposition for our consideration in disposing of the petition. One affidavit on behalf of the peti-

tioner shows recorded conveyances of real estate in the City of Rutland in two of which Arlington Pond was a party, both dated September 27, 1940 and in three of which Arlington Pond and his wife were parties, the latter three being dated July 3, October 10 and October 14, 1946. The other affidavit on behalf of the petitioner shows that on October 10, 1946, Arlington Pond paid a five per cent commission to one Appell, a licensed real estate broker, for the sale of real estate described in the conveyance dated October 10.

The petitioner does not mention these affidavits in his brief or claim any value for them in support of the petition nor do we see how he can claim anything for them. They apply to transactions in the City of Rutland only and Pond testified that his business as a real estate agent was not confined to the city of Rutland but took in the whole state and predominantly Rutland County.

The petitionee filed on its behalf an affidavit signed by Pond. It states that he was asked when testifying how long he had been engaged in the real estate business and he said that he had been so engaged about fifteen years and that he was not asked how long he had had a broker's license. It further states that he answered truthfully as during the fifteen years he had been engaged in the business in part on his own account and in part since 1946 as a licensed broker.

The petitioner recognizes our rule that in order to prevail on a petition for a new trial, he must show that his situation in regard to the new evidence is not due to lack of diligence on his part or on the part of his counsel, and that he not only did not know about it, but must show that this lack of knowledge was not due to negligence or lack of attention to the requirements of the case. He must show the action taken and the circumstances so that the court can see for itself whether required diligence was exercised. *Kaeser* v. *Town of Starksboro*, 116 Vt 389, 391-392, 77 A2d 831, and cases cited.

It is questionable if the petition and its supporting affidavits are sufficient within this rule. The newly discovered evidence only goes to the qualifications of Pond as an expert witness. The affidavits state in substance that the petitioner

and his counsel assumed his testimony to be true; nowhere is it stated that his qualifications as an expert were questioned or that he testified falsely in regard thereto, unless it might be assumed to be so from his testimony. As there are other grounds why the petition must fail, we will not belabor this point further.

The petitioner recognizes the general rule that a new trial will, not be granted on the ground of newly discovered evidence when the only effect of such evidence is to impeach an adverse witness. *Bradley* v. *Kelley*, 105 Vt 478, 490, 168 A 554. He says, however, that the newly discovered evidence is more than impeaching and that it goes to a vital issue in the case and that a new trial should not therefore be denied. He relies upon *Blanchard v. Paltiel*, 106 Vt 510, 513, 175 A 226; *Bradley* v. *Kelley, supra*, at page 491, where the rule is so stated. The newly discovered evidence in those cases was much different than that proposed here. It is questionable here if it is even impeaching. For the reason before given that the petition must fail on other grounds, we give this point no further consideration.

A controlling principle in all petitions for new trials is that every petition brought conformably to law must fail or prevail according to the strength of the appeal it makes to the judgment and conscience of the court. *Bradley* v. *Kelley, supra,* at page 491 and cases cited; *Blanchard* v. *Paltiel, supra,* at page 513.

The newly discovered evidence in support of a petition for a new trial must be of such a decisive character as to indicate a reasonable certainty that the verdict would have been changed or the recovery would have been materially reduced. *Johnson* v. *Rule,* 105 Vt 249, 253, 164 A 681; *Kaeser* v. *Town of Starksboro, supra,* 116 Vt 389, at page 392, 77 A2d 831; *Dunbar* v. *Farnum & wife,* 109 Vt 313, 325, 196 A 237, 114 ALR 996; *State* v. *Fogg,* 74 Vt 62, 68, 52 A 272; *Ripchick* v. *Pearsons,* 118 Vt 129, 131, 100 A2d 573; *Taylor* v. *St. Clair,* 79 Vt 536, 542, 65A 655, and cases cited.

Where the character of the damages is such as to be capable of being estimated by a strict money standard,

the plaintiff must give evidence thereof in dollars and cents. But where they are not susceptible of being reduced to an exact money standard this rule does not apply. In such cases, all that is required is that the plaintiff furnish sufficient data that the jury may estimate the proper amount with reasonable certainty. This does not allow the jury to speculate as to the amount of recovery, but is to submit the question to their sound judgment. *Green* v. *Stockwell*, 87 Vt 459, 462, 89 A 870. As in that case, the plaintiff here showed just what the defendant did. The acts complained of and the resulting injury therefrom, other than the stumpage value of the timber, were of just the character as to be peculiarly within that common sense and good judgment which the jury as persons of affairs possess. An examination of the charge to the jury shows that the trial court instructed the jury in accordance with the foregoing rule on damages.

We have carefully read the transcript of the evidence upon which the verdict as to damages was based and particularly that of the witness Pond. It is not necessary to recapitulate the evidence further in regard to what the jury had before it upon which to find the amount of damage. We are not satisfied that the fact that Pond had a real estate broker's license since October 14, 1946, instead of a period of about fifteen years, as the petitioner claims could be inferred from his testimony at the trial, would change the verdict and materially reduce the damages. The newly discovered evidence does not meet the required tests.

*Petition for new trial dismissed with costs.*