## Vermont Terminal Corporation v. Edward B. Crane

[326 A.2d 158]

No. 143-73

Present: **Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.**

Opinion Filed October 1, 1974

*McNamara, Fitzpatrick, Sylvester, Farrell & Maley,* Burlington, for Plaintiff.

*Kolvoord, Overton & Wilson,* Essex Junction, for Defendant.

**Daley, J.** By warranty deed dated June 13, 1968, defendant Crane sold certain land to plaintiff Vermont Terminal Corporation. Included in this conveyance was a right-of-way which defendant had previously acquired from adjoining landowners. This right-of-way provided plaintiff, whose purchased land

was set off from the main highway, with access to U.S. Route 7. With respect to this right-of-way, the deed of conveyance contained the following pertinent provisions:

> In consideration for the above right of way the within Grantee . . . hereby agrees to have said entire strip of land surveyed; to relocate the traveled portion of said right of way in the center of said 60 foot wide strip of land; to gravel and pave not less than 700 feet of the most easterly portion of said strip of land as per the specifications and to the satisfaction of the Town of South Burlington as required for the acceptance of said not less than 700 foot strip of land for a public highway; to install a water main from the water main in U.S. Rt. #7 in a westerly direction for a distance of not less than 700 feet; and to pay one-half the cost of the aforesaid work, it being understood that the Grantor will pay the other one-half of the cost.

> The within Grantee . . . hereby agrees and covenants that the water main shall be installed in the most easterly 700 feet of said right of way and that the most easterly 700 feet of said right of way shall be graveled, graded, paved and completed as reasonably possible not later than November 1, 1968.

Plaintiff purchased the subject land for the purpose of erecting a truck terminal. Due primarily to a delay in plans for the construction and placement of this terminal, the paved road was not completed until the summer of 1969. The total cost to the plaintiff for the road as constructed, including engineering costs, was $29,777.40. When efforts to collect one-half of this sum from defendant proved unsuccessful, this suit was instituted in Chittenden County (Superior) Court.

Trial by jury resulted in a verdict for the plaintiff in the amount of $10,000.00. Defendant then moved for a reduction in the verdict to $5,250.00 or, in the alternative, for a new trial, contending that the verdict was not supported by the evidence. The motion was denied, and this appeal followed.

The primary cause of this dispute can be traced back to the imprecise manner in which the relevant provisions of the warranty deed were drafted. No contention has been advanced

on appeal, however, that defendant is without liability. The relevant inquiry, rather, concerns the extent of this liability and the existence of sufficient evidence to support the jury's verdict in the specified amount.

Defendant's appeal is presented on alternative theories. First, he maintains that the deed called for completion of the road by November 1, 1968, and that only he introduced evidence of what the cost would have been had this termination date been met. He thus contends that the court below erred in not granting his motion for *remittitur* to $5,250.00, one-half of the $10,500.00 figure which his evidence supported. Alternatively, he maintains that his $5,250.00 figure (one-half of $10,500.00) and the $14,888.70 (one-half of $29,777.40) actual-cost figure sought by plaintiff presented mutually exclusive theories of recovery; the $10,000.00 verdict thus fell indefensibly between these two amounts and represents a compromise verdict requiring a new trial.

We do not agree with defendant's characterization of the evidence presented below. In addition to the evidence supporting the $10,500.00 and $29,777.40 figures, the engineer for the City of South Burlington testified that when he first received the plans submitted by plaintiff, he estimated that it would cost $25,000.00 to construct a road which would meet the minimum standards required and would adequately serve the needs of the road. He also stated that $30,000.00 was a fair and reasonable cost for the road as ultimately constructed. With respect to the fact that the road was not completed until 1969, the engineer testified that the minimum requirements for the city did not change between 1968 and 1969, but that construction costs increase "an average of between 5% and 10%" per year. Taken in its entirety, therefore, the engineer's testimony failed to offer full support to either party's contentions.

Evidence was also introduced which indicated that the road as finally constructed was considerably longer than the 700 feet referred to in the deed, that it had a heavier gravel base and stronger concrete compound than the City of South Burlington required at the time, and that the engineering costs may have been higher than necessary.

Viewing all of this conflicting evidence in light of the unclear provisions of the deed, we are unable to accept defend-

ant's contention that only two verdicts were possible. It was the jury's responsibility to examine the provisions of the deed and all of the evidence relating to plaintiff's performance thereunder, and to carefully consider and weigh the conflicting evidence as to cost, in an effort to fairly ascertain the extent of defendant's liability.

Where the evidence of damages is conflicting, the amount to be awarded rests in the judgment of the jury, and we will not disturb such a verdict if it may be justified upon any reasonable view of the evidence. *Brunelle* v. *Coffey,* 128 Vt. 367, 374, 264 A.2d 782 (1970); *Jackson* v. *Rogers,* 120 Vt. 138, 150, 134 A.2d 620 (1957). As is often the case, the verdict challenged here fell between the amounts sought by the opposing parties, and the record clearly discloses that it was reasonably justified under all of the evidence presented.

*Judgment affirmed.*