## Arthur W. Grey v. Charles D. Konrad and Vera Konrad

[332 A.2d 797]

No. 76-74

Present: Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.

Opinion Filed February 4, 1975

A. *Jeffry Taylor, Esq.,* Rutland, for Plaintiff.

*Carbine & Liccardi,* Rutland, for Defendants.

**Keyser, J.** Plaintiff brought this action to recover money damages for breach of warranty arising out of the sale of the defendants' real estate by warranty deed on October 2, 1969. Trial was by court and proceeded on the basis of admitted liability. The court found damages of $7,500.00 for the plaintiff and entered judgment accordingly.

The sole issue brought to this Court by defendants' appeal is whether the judgment of $7,500.00 is supported by the evidence.

The land conveyed by defendants' deed was recited therein to contain three (3) acres. Subsequently, it was discovered the

land contained only .99 of an acre. Thereupon, the parties agreed that if this were the case the defendants would convey two acres, more or less, of land contiguous to the land conveyed in satisfaction of their obligation under the warranty. However, it developed that there was no contiguous land available, whereupon the plaintiff brought suit for monetary relief.

The defendants contend that there is no evidence in the record to support the court's findings of $7,500.00 damages.

By agreement each party submitted for the consideration of the court written appraisals of the property as of October 2, 1969, the date of sale.

The purchase price of the property (land and buildings) was $32,000.00. Plaintiff's appraiser fixed the fair market value of the property received by the plaintiff at $22,000.00, a difference of $10,000.00. The opinion of the defendants' appraiser was that a loss in value of $1,500.00 resulted due to the shortage in acreage. In addition to this evidence, the plaintiff testified that "since there was approximately 3 acres, I figured $5,000.00 an acre on each one of the acres."

The defendants argue that there were only two figures the court could have relied upon in determining the amount of damages ($10,000 or $1,500), and its failure to adopt without variation either one of the appraisal figures was error.

Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses and the weight of the evidence. V.R.C.P. 52(a).

It is clearly demonstrated that the evidence is in direct conflict as to the amount of damages sustained by plaintiff. There was no legal measure of such damages and they were unliquidated. In this situation the amount of damages was for the judgment and legal discretion of the trier of fact. We will not usually interfere with such a decision unless it clearly appears that the award is excessive or insufficient. *Oligny* v. *Underwood*, 116 Vt. 193, 197–98, 71 A.2d 250 (1950). Such a situation does not appear in the record.

We conclude that the trial court had sufficient evidence before it to formulate on a rational basis the amount necessary to compensate the plaintiff for his damages. *See Vermont*

*Terminal Corporation* v. *Crane,* 132 Vt. 589, 326 A.2d 158 (1974).

*Judgment affirmed.*