# Annie M. Dunn v. State Highway Board

[370 A.2d 626]

No. 253-75

Present: Barney, C.J., Daley, Larrow and Billings, JJ. and Shangraw, C.J. (Ret.) Specially Assigned

Opinion Filed February 1, 1977

*Witters, Zuccaro, Willis & Lium*, St. Johnsbury, for Plaintiff.

*James C. Gallagher* of *Downs, Rachlin & Martin*, St. Johnsbury, for Defendant.

**Barney, C.J.** This is a highway condemnation case appealed by the board. The only issues presented are, first, the competency

of the evidence offered by a certain witness as to the value of part of the land, and, second, the need of evidentiary support for the special verdict relating to the value of the land taken.

To put the questions in perspective, two real estate appraisers whose testimonial competence was not questioned gave evidence of the value of the farm involved before and after the land taking. The landowner's expert put the value before the taking at $135,000, and after the taking at $75,000, with total damages equaling the difference between the two, $60,000. The state's expert gave a before value of $85,000, and an after value of $48,000, leaving a difference of $37,000. The jury returned a verdict of total damages in the amount of $54,900.

The claim of error lies below this level. The first expert divided his total damages into one portion of approximately $35,000 for the land taken and another portion of approximately $25,000 for the damages to the remainder, the so-called severance damages. The other expert set the value of the land taken at about $30,000 and the severance damages at about $7,000. The jury, in its special verdict, apportioned it at $43,800 for the value of the land taken and $11,100 for the severance damages to the remaining property. From this, the board argues that there is no evidentiary support for the division made by the jury.

In most cases it would be enough to point out that in arriving at market value the jury is entitled to exercise its own judgment, within evidentiary limits. Where damages are not susceptible to reduction to exact dollars and cents, the jury is expected to estimate the appropriate recovery, accurate within some standard of reasonableness, based on the evidentiary data furnished. *G & H Holding Co.* v. *Dutton*, 118 Vt. 406, 412, 110 A.2d 724 (1955); *Vermont Electric Supply Co.* v. *Andrus*, 132 Vt. 195, 200, 315 A.2d 456 (1974).

However, in view of the special statutes governing highway condemnation, further comment is necessary. We turn first to the issue of the evidence given by the third witness who testified as to the value of the affected land.

The board contends that the opinion evidence offered by a former tenant as to the value of the land taken was not properly admitted, and further contends that there was no competent evidence to support the jury's special verdict of $43,800.00 for the land taken. Accordingly, it asks that we strike the special award and remand the case for a new trial on that issue alone.

Mr. Murray, the former tenant, had testified that the land taken included 45-50 acres of tillable land which had a value of $800.00 an acre and 15-20 acres of pasture which had a value of $400.00 an acre. The board argues that this testimony was not properly admitted for two reasons. First, it is asserted that, because there was no showing that the witness had some peculiar means of forming an intelligent judgment as to the value, no sufficient foundation was laid to justify admission of his opinion.

■ ■ In general, opinion evidence as to value is liberally admitted. *Labounty* v. *Lafleur*, 113 Vt. 226, 227, 32 A.2d 124 (1943). Market value of realty may be established by the testimony of people familiar with the property, its value and the uses to which it may be put. *Allen* v. *Burlington Housing Authority*, 129 Vt. 8, 13, 270 A.2d 588 (1970). As to whether a particular person is competent to testify, the ruling of the trial judge is conclusive unless it appears from the evidence that the judge's decision was clearly erroneous. *In re Rathburn*, 128 Vt. 429, 436, 266 A.2d 423 (1970). The evidence here shows that Mr. Murray had lived and farmed within two miles of the land in question for approximately 30 years and had rented the land for several years immediately prior to the taking. He was aware of tillage sales in the area and of the amounts of local rental payments for tillable land. Far from showing that the judge's ruling of competence was clearly erroneous, this and other evidence show it to be clearly correct.

■ The board than argues that, even if Mr. Murray was competent to testify, the evidence mentioned above was immaterial and should not have been admitted. Because in Vermont the amount of compensation for partial takings is determined by computing the before and after value of the property as a whole, the board would have us hold that testimony as to the value of a portion of the property is of no probative value and should have been excluded.

However, there is no exact formula available to determine in every case what elements are properly considered in fixing the market value of property to be condemned. *Batchelder* v. *State Highway Board*, 130 Vt. 263, 266, 291 A.2d 257 (1972). If evidence is to be excluded for being immaterial, it must clearly appear that it has no relevancy to any issue in the case. *Woodhouse* v. *Woodhouse*, 99 Vt. 91, 124, 130 A. 758 (1925).

Though we agree that determining the before and after value of the entire tract produces the ultimate award for land taken, it does not logically follow that evidence of the value of a part of the tract is of no probative worth in this determination. Given the flexibility in the admission of evidence as to market value, this evidence would be of some probative worth in determining the value of the entire tract. We find no error here.

The board's final assertion is more problematic. 19 V.S.A. § 221(2) requires that

> [d]amages resulting from the taking or use of property under the provisions of this chapter shall be the value for the most reasonable use of the property . . . and the direct and proximate lessening in the value of the remaining property. . . .

We have stated that, under 19 V.S.A. § 221(2), the landowner is entitled to compensation which measures the difference between the fair market value of the entire tract before the taking, and the fair market value of the residue after the appropriation. *Smith* v. *State Highway Board*, 125 Vt. 54, 56, 209 A.2d 495 (1965). Generally, if the total verdict does not outrun such testimony, it may be sustained. See *Gibson Estate* v. *State Highway Board*, 128 Vt. 47, 54, 258 A.2d 810 (1969). Here, as stated above, the landowner's expert valued the entire Dunn property before the taking at $135,000 and testified that the value after the taking was $75,000. The greatest amount of total damages supported by his testimony alone would be the difference between the two, $60,000. As the general verdict for total damages was only $54,900, it did not exceed that evidence and, if nothing else were involved, would require that we sustain it.

However, 12 V.S.A. § 1905 requires that:

> [a] trier of fact in proceedings to determine damages due the owner of land taken by a governmental body by eminent domain shall find separately the value of each element thereof specified in section 221(2) of Title 19. . . .

As we have already pointed out, the board argues that amounts allocated by the jury in accordance with 12 V.S.A. § 1905 must also be supported by competent evidence. It argues that since the jury's award of $43,800 for damages to the land taken exceeds the

highest value attributed to it by the expert whose before and after valuation sustains the total verdict, the special verdict should be stricken. As mentioned earlier, that allocation was approximately $35,000 for the land taken and approximately $25,000 for damages to the remainder. However, the jury was free to derive its own figures for this division from the evidence before it. Since we have held that the testimony properly before the jury included the testimony of the witness Murray, the evidence admitted would support a value for the land taken which would be higher than that actually awarded by the jury in its apportionment. As a practical matter, this division has little meaning for the property owner since he gets the total amount, no matter how the jury sees fit to divide it.

We are aware that valuation by determining the change in fair market value of the entire tract may not produce results identical to those obtained in instances where the amount of recovery is computed by adding the fair market value of the land taken to the value of the severance damages suffered by the remainder. In addition, the latter method may produce improper double recovery, much like that discussed in connection with business loss in *Penna* v. *State Highway Board*, 122 Vt. 290, 170 A.2d 630 (1961). See discussion in 1 L. Orgel, Valuation Under the Law of Eminent Domain § 52 (2d ed. 1953). But there is no evidence in this case to suggest that any such double recovery is involved. With the verdict fully supported by testimony in the case, we must sustain the award below.

*Affirmed.*