# Marcia D. Powers v. John C., Louise E., John C., Jr., and Andrea M. Judd

[553 A.2d 139]

No. 86-290

Present: **Allen, C.J., Peck and Gibson, JJ., and Barney, C.J. (Ret.) and Keyser, J. (Ret.), Specially Assigned**

Opinion Filed July 22, 1988

Motion for Reargument Denied August 23, 1988

*Douglas S. Moore* of *Brownell & Moeser*, Norwich, for Plaintiff-Appellee.

*Charity A. Downs* of *Conley & Foote*, Middlebury, and *John W. Brockway*, White River Junction, for Defendants-Appellants.

**Gibson, J.** Defendants appeal the trial court's award of compensatory and punitive damages, as well as its order for injunctive relief. We affirm.

## I.

This case involves a dispute between neighbors arising from the drainage of water from defendants' property onto plaintiff's property. In examining the record in the light most favorable to the prevailing party and excluding the effect of modifying evidence, *Eddins* v. *O'Neil*, 145 Vt. 364, 365, 488 A.2d 1230, 1230 (1985), we note the following relevant facts. Plaintiff and defendants John Judd, Jr. and Andrea Judd own adjoining properties. Defendants John Judd, Sr. and Louise Judd possess a right-of-way across their son's land to reach property owned by them. In 1983, defendants constructed a road and two culverts on Judd, Jr.'s property which accumulated the surface flow of water and concentrated its discharge, thereby causing damage to plaintiff's lower-lying property. In 1985, defendants extended the road and built a third culvert despite plaintiff's complaint about the damage that had already been caused to her property. In 1982, there had also been a dispute between John Judd, Jr. and plaintiff over the location of a sheep fence installed by plaintiff. From time to time, defendant John Judd, Jr. used abusive and offensive language in the course of the disputes with plaintiff.

Plaintiff filed suit, seeking to enjoin defendants from diverting water from their property onto plaintiff's property. Following a bench trial, the trial court ordered defendants to pay plaintiff compensatory and punitive damages, and enjoined them "from collecting and/or discharging, in any manner, surface waters which would result in any change and/or increase in the natural flow of surface water from the defendants' property onto the plaintiff's property."

Defendants appeal, raising three issues. First, defendants claim that the injunctive relief ordered by the trial court was inappropriate as it violated the applicable law concerning drainage of waters onto adjoining properties. Second, defendants argue that the evidence was insufficient to support the verdict. Finally, defendants assert that the trial court's award of compensatory and punitive damages is clearly erroneous, thus necessitating reversal of the damages award.

## II.

The injunctive relief ordered by the trial court accords with existing law.

The law regarding the natural drainage of surface waters may be summarized briefly. Upper and lower property owners have reciprocal rights and duties as to surface water drainage. *Scanlan* v. *Hopkins*, 128 Vt. 626, 631, 270 A.2d 352, 356 (1970). The upper owner has the right to have the surface water pass to lower lands in its natural condition. *Id.* The lower owner must accept the natural flow of such waters upon his land. *Id.* As a general proposition, an upper property owner cannot artificially increase the natural flow of water to a lower property owner or change its manner of flow by discharging it onto the lower land at a different place from its natural discharge. *Id.* But, in cases involving only increased flowage and not a change in the place of discharge, *an upper owner may increase the flow as long as it causes no injury to the lower property. Kasuba* v. *Graves*, 109 Vt. 191, 207, 194 A. 455, 462 (1937).

*Swanson* v. *Bishop Farm, Inc.*, 140 Vt. 606, 610, 443 A.2d 464, 465-66 (1982) (emphasis added), *overruled on other grounds, Soucy* v. *Soucy Motors, Inc.*, 143 Vt. 615, 619, 471 A.2d 224, 226 (1983).

While the total amount of water flowing from defendants' property onto plaintiff's property may not have changed as a result of the installation of defendants' road and culverts, the trial court found that the road, which was raised one foot above the level of the land, and the culverts accumulated the natural surface flow of water and discharged it in artificially increased amounts onto plaintiff's property. Such concentrated discharge was actionable if it caused damage to plaintiff's land. The trial court found that the artificially increased flow of water from defendants' property was the proximate cause of the damages complained of by plaintiff. In such circumstances, it was appropriate for the trial court to issue an injunction.

Further, the trial court's injunction does not exceed the proper bounds of the law. The injunction only requires that defendants not disturb the natural flow of water onto plaintiff's land. Because defendants' present discharge of waters onto plaintiff's property damages her property, the injunction correctly seeks to end this injury. Defendants' contention that the court's order will require them to direct water illegally onto the property of a third party was not raised below and will not be considered initially on

appeal. *In re Johnston*, 145 Vt. 318, 321, 488 A.2d 750, 752 (1985). We find no error in the trial court's injunction.

## III.

■ Defendants contend that the trial court ignored certain evidence that would tend to indicate other causes for plaintiff's damages, including government rain records, the pre-existence of a drainage swale at the site of one of the culverts, a change in use of part of plaintiff's property from waste land to pasture, a broken water line, and water used in fighting a fire that destroyed plaintiff's house. In considering defendants' contention that the evidence was insufficient to support the verdict, this Court will construe the trial court's findings so as to support the judgment, if possible. *LaFountain* v. *Vermont Emp. Sec. Bd.*, 133 Vt. 42, 46, 330 A.2d 468, 471 (1974). In this regard, the weight of the evidence, the credibility of the witnesses, and the persuasive effect of their testimony are for the trier of fact. *Id.* When there is a conflict in the evidence, the trier of fact is free to choose the evidence it finds persuasive. *Merritt* v. *Merritt*, 146 Vt. 246, 249-50, 500 A.2d 534, 536 (1985). In examining the evidence in the light most favorable to the prevailing party, and excluding the effect of the modifying evidence, we find that the verdict is clearly supported by the evidence. See *Bruntaeger* v. *Zeller*, 147 Vt. 247, 252, 515 A.2d 123, 125 (1986).

## IV.

■ Finally, defendants assert that the trial court's award of compensatory and punitive damages was not supported by the evidence, and, therefore, was clearly erroneous. The amount of compensatory damages to be awarded a successful litigant must be based upon the evidence furnished at the trial. See *Dunn* v. *State Highway Bd.*, 135 Vt. 26, 27, 370 A.2d 626, 628 (1977). Where not all of the damages may be readily ascertainable, the amount of such unliquidated damages is for the determination of the trier of fact, and we will not interfere with that decision unless it clearly appears that the award is excessive or insufficient. *Grey* v. *Konrad*, 133 Vt. 195, 196, 332 A.2d 797, 798-99 (1975). In examining the record, we find sufficient evidence to support the trial court's award of compensatory damages.

■ The court awarded plaintiff punitive damages. Punitive damages may not be awarded, however, unless actual damages have first been established by the injured party. *Allard* v. *Ford Motor Credit Co.,* 139 Vt, 162, 164, 422 A.2d 940, 942 (1980). Once compensatory damages are established, a claimant must make a showing that the other party acted with actual malice. *Appropriate Technology Corp.* v. *Palma,* 146 Vt. 643, 647, 508 A.2d 724, 726 (1986). In the instant case, actual malice was clearly established by the evidence. See *Crabbe* v. *Veve Assoc.,* 150 Vt. 53, 58, 549 A.2d 1045, 1049 (1988) ("Exemplary damages may be assessed where a defendant's conduct manifests actual malice in the form of personal ill will, insult, or reckless or wanton disregard of a plaintiff's rights."). Once compensatory damages and actual malice are established, the amount to be assessed as punitive damages lies within the sound discretion of the trier of fact. See *Greenmoss Builders, Inc.* v. *Dun & Bradstreet, Inc.,* 143 Vt. 66, 77, 461 A.2d 414, 419-20 (1983), *aff'd,* 472 U.S. 749 (1985). Defendants have made no showing of any abuse of discretion here. The award of punitive damages must stand.

*Affirmed.*