Lussier v. Armstrong, No. S0981-01 CnC (Katz, J., Apr. 12, 2004)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT
Chittenden County, ss.:

LUSSIER

v.

ARMSTRONG

v.

ESSEX REALTY CORP.

ENTRY
(Armstrong Motion for Summary Judgment)

Third party plaintiff is a landlord with property between a shopping mall and a car dealership. Beginning in 1998, landlord and car dealer

began experiencing flooding problems. The car dealer filed this suit against landlord and mall for trespass, nuisance, and negligence. Landlord counterclaimed against car dealer and mall. Landlord now requests summary judgment against car dealer on all claims. This would effectively settle liability between the two parties and leave landlord as sole plaintiff.

Landlord's motion relies on two expert witnesses, Paul Duchesneau and Paul O'Leary, to settle the issue of causation. Their affidavits opine that car dealer through construction caused the series of floods beginning in 1998. Car dealer in turn presents evidence that disputes the conclusions of Duchesneau and O'Leary. Car dealer's argument is basically, "I don't know who caused the flooding, but it wasn't me." The inference is that Armstrong, one of its upstream neighbors, or something else is to blame. This is enough to create a factual issue and make summary judgment inappropriate for landlord's counterclaims. State Envtl. Bd. v. Chickering, 155 Vt. 308, 319 (1990) (" Summary judgment is not a substitute for a determination on the merits, so long as evidence has been presented which creates an issue of material fact, no matter what view the court may take of the relative weight of that evidence.").

On the other hand, car dealer's response does not support his prima face case of trespass, nuisance, and negligence against landlord. The law of riparian rights in Vermont is reciprocal and requires lower property owners to accept natural drainage from upper property owners. Powers v. Judd, 150 Vt. 290, 292 (1988). As the upper property owner, landlord owes a duty to car dealer not to alter or increase the flow of water onto dealer's property in a way that causes damage. Id. Thus to establish liability for flooding damages, a lower property owner must prove that the upper property owner increased the flow of water or altered his property in some manner affecting the natural drainage. See Canton v. Graniteville Fire

Dist., 171 Vt. 551, 552 (2000) (quarry owners liable for the alteration it made to the natural drainage patterns and resulting flooding).  Car dealer has alleged as much in his complaint against landlord, but his affidavits and evidence provide no substance for these allegations.  None of car dealer's evidence suggests that landlord has altered his property in any way that would change the drainage of surface water.  In fact car dealer's evidence, such as the fact that 1998 was an exceptional year for rain, tends to supports the conclusion that the flooding was unrelated to any alterations or land uses.

Summary judgment will take as true all of car dealer's allegations supported by evidence, but allegations alone do not create issues of material fact.  Lucas v. Hahn, 162 Vt. 456, 458 (1994).  The purpose of summary judgment is to "smoke out" the evidence and support for a party's claims.  Donnelly v. Guion, 467 F.2d 290, 293 (2d Cir.1972).  Summary judgment is appropriate when a party fails to make a showing sufficient to establish an element of his case on which he has the burden of proof at trial.  Poplaski v. Lamphere, 152 Vt. 251, 254–55 (1989).  Here car dealer had a greater burden than to merely muddy the factual waters.  He also had the burden of showing facts which would demonstrate that landlord had altered the upper property or increased the drainage by artificial means.  By failing to do so, car dealer has failed to demonstrate a triable claim against landlord.  Without such evidence of alteration, there is no liability.  Therefore, we conclude that summary judgment is appropriate for car dealer's claims against landlord and should be granted in favor of landlord.

For the foregoing reasons, Armstrong's motion for summary judgment is denied in part and granted in part; the claims of Lussier against Armstrong are dismissed.

Dated at Burlington, Vermont_____, 2004.


_____
Judge