**Ezra S. Dike et al v. Town of Bristol School District**

[128 A2d 661]

Special Term at Rutland, November, 1956.

Present: **Jeffords, C. J., Cleary, Adams, Hulburd and Holden, JJ.**

Opinion Filed January 2, 1957.

*Louis Lisman* for the petitioners.

*Forrest S. Rose* and *Edmunds, Austin & Wick,* for the petitionees.

**Cleary, J.** On February 18, 1956 the plaintiffs brought a bill in equity seeking to have two special meetings of the Town of Bristol School District declared illegal because of alleged irregularities. The questioned meetings were held on August 24, 1955 and October 19, 1955 and they authorized a bond issue for a new school. The case was heard by Chancellor Divoll, who found that the meeting of August 24, 1955 was valid and that no meetings since that date have rescinded the action taken by that meeting of August 24, 1955. The chancellor also found

that the plaintiffs' action amounted to a technical injunction against the defendant and that further delay of the cause by appeal would irreparably damage the defendant to the sum of $15,000. On May 21, 1956 the chancellor issued a decree wherein it was ordered, adjudged and decreed that the meetings of August 24, 1955 and October 19, 1955 were valid, that the plaintiffs, should they desire to appeal, file an appeal bond in the sum of $15,000 conditioned on the payment to the defendant of intervening damages, if the plaintiffs do not prevail in said appeal. On the 26th day after the decree was filed the chancellor wrote plaintiffs' attorney refusing to sign the plaintiffs' bill of exceptions because the appeal bond required by the decree had not been filed. Plaintiffs' attorney promptly wrote the chancellor requesting reconsideration, setting forth grounds for the request. The chancellor made no reply. By petition dated August 20, 1956, and brought directly to this Court, the plaintiffs seek to have a new trial under the provision of V. S. 47, §2158. The defendant has filed a motion to dismiss the petition and that is the only matter presented for our decision.

■ V. S. 47, §2158, so far as material here, provides as follows: "Upon petition of either party, the supreme court may grant a new trial in a cause determined by such court or by a county court, subsequent to the term of the court at which the original judgment was rendered." §2158 is part of V. S. 47, chap. 103 entitled "New Trials". The Legislature has provided for chancery procedure in V. S. 47, chap. 62. It makes no provision for the granting of a new trial by the Supreme Court in a cause determined by a court of chancery.

The plaintiffs quote from *Hodge & Mattheis* v. *Vt. Stone Products Corp.*, 113 Vt 491, 492, 37 A2d 183, that "The right of a party to have his exceptions heard in this Court is a substantial one, the loss of which, if it has occurred without his fault, entitles him to a new trial." But the Hodge case and all others referred to by the plaintiffs to support that statement were brought here from the county courts.

The plaintiffs refer to *Spencer* v. *Lyman Falls Power Co.*, 109 Vt 294, 303-305, 196 A 276, which involved a petition for a

new trial on account of the loss of exceptions in a chancery case and was brought in this Court. The plaintiffs claim if this Court had no jurisdiction, it would have raised the point on its own motion. This conclusion is not justified because the Spencer case petition was dismissed for reasons which are mentioned in that case. The question of jurisdiction is not one of them.

The plaintiffs claim the question of policy is for consideration here because of No. 34 of the Acts of the Legislature of 1941, now V. S. 47, §2128. This was an act to standardize the passing of causes to the Supreme Court and, the plaintiffs say, should be read with the statutes providing for new trials in the light of the legislative intention, as expressed in the Act, to treat exceptions taken from all courts in the same way. No authorities are cited in the brief. The act deals only with the taking of exceptions and passing a cause to this Court in the same manner as if passed to the Supreme Court from the county court. It has nothing to do with petitions for new trials and this Court has no power to extend its application.

The plaintiffs take the position that this Court has the right to entertain this petition as a bill of review because it arises from the practice in England. V. S. 47, §1277 provides as follows: "There shall be a court of chancery, the powers of which shall be vested in a chancellor. The powers and jurisdiction of such court shall be the same as those of the court of chancery in England, except as modified by the constitution and laws of the state." The two decisions cited by the plaintiffs do not support their contentions; one of the cases is directly contrary thereto.

*Slason* v. *Cannon and Warren*, 19 Vt 219, was a petition for a new trial and for leave to file a bill of review, brought in this Court. The petition was dismissed on the ground that the application for relief was improperly made to this Court because of the provisions of the statute (now V. S. 47, §2158) under which this pending petition is brought. The Slason case is exactly in point. It is cited in *Westinghouse Co.* v. *Barre & Montpelier Traction & Power Co.*, 97 Vt 306 at 309, 123 A 201. The Westinghouse case holds that original jurisdiction in all chancery matters is vested in a single chancellor and that the

Supreme Court has only appellate jurisdiction in such matters. The question was last considered here in *Turner* v. *Bragg*, 113 Vt 156, 30 A2d 450, where the plaintiffs filed a bill in chancery in the nature of a bill of review and a petition for a new trial. The decision followed the Slason and Westinghouse cases and held that this Court was without jurisdiction to entertain the plaintiffs' bill in the nature of a bill of review and petition for a new trial. We so hold in the present case.

Since the case was argued the plaintiffs have called our attention to that part of V. S. 47, §1302, which provides: "Exceptions taken on the trial of controverted questions of fact before a chancellor shall be available before the supreme court in the same manner as in county court actions tried by the court." This section has no application because the plaintiffs have no available exceptions and the cases cited by the plaintiffs are not in point on the issue presented here.

Because we are without jurisdiction to grant the petition, its merits are not now before us. The plaintiffs chose to pursue the wrong course.

*The motion to dismiss is sustained and the petition for a new trial is dismissed.*